FILED

February 2 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0305

DA 15-0305

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 25

ESTATE OF CRAIG MICHAEL KINNAMAN
and NANCY KINNAMAN, as Personal Representative
of the Estate of Craig Michael Kinnaman,

        Plaintiff and Appellant,

  v.

MOUNTAIN WEST BANK, N.A., and
John Does 1 through 10,

        Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District, In and For the County of Lewis and Clark, Cause No. ADV 12-558 Honorable James P. Reynolds, Honorable Mike Menahan, Presiding Judges |

COUNSEL OF RECORD:

      For Appellant:

          James M. Kommers, Kommers Law Firm, P.C., Bozeman, Montana

      For Appellees:

          Dean A. Stensland, Thomas J. Leonard, Boone Karlberg P.C., Missoula, Montana

                        Submitted on Briefs: December 9, 2015

                                  Decided: February 2, 2016

Filed:

                                        _____
                                            Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     The underlying case is the third lawsuit arising from a project to develop condominiums at Lakeside Village on Hauser Lake in Lewis and Clark County (the condos).  The project's developer, Cherrad, LLC (Cherrad), its lender, Mountain West Bank (the Bank), and the estate of its general contractor, Craig Kinnaman (the Estate), were all parties to the second lawsuit.  In this third suit, the Estate brought eight claims against the Bank that the Bank argued were barred by the compulsory counterclaim rule or the doctrine of claim preclusion.  The District Court found that the Estate's claims were barred, and granted summary judgment to the Bank on all claims.  The Estate appeals the District Court's order granting summary judgment to the Bank.  The Estate also appeals the District Court's denial of the Estate's motion for relief from judgment, the District Court's order changing venue, and the District Court's taking of judicial notice of the record in previous actions.  We affirm.

## ISSUES

¶2     We address the following issues on appeal:

*1. Did the District Court err in granting Mountain West Bank's motion to change venue?*

*2. Did the District Court err in granting summary judgment in favor of Mountain West Bank on all claims?*

*3. Did the District Court abuse its discretion by taking judicial notice of the record in previous actions?*

*4. Did the District Court abuse its discretion by denying the Estate's motion under Montana Rule of Civil Procedure 60(b)(6) to vacate the order of summary judgment?*

2

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 This is the third of three lawsuits stemming from the development of condominiums at Lakeside Village on Hauser Lake in Lewis and Clark County. Conrad and Cheryl Hale owned several limited liability companies, including Cherrad, that were involved in developing the condos. CK Design and Construction was the sole proprietorship of Craig Kinnaman (Kinnaman), who was the general contractor on the project. Craig Kinnaman committed suicide in 2007, and his wife, Nancy Kinnaman, is the personal representative of his estate. Mountain West Bank loaned money to the Hales and their LLCs for the development of the condos and other unrelated ventures in Lakeside Village, including a bar and restaurant. Cherrad agreed to pay the Bank the first $200,000 of proceeds from the sale of each condo unit. The Hales, through Cherrad, then formed an agreement with Kinnaman whereby Kinnaman would fund the construction of the condos in exchange for $350,000 from the proceeds of the sale of each condo. Kinnaman agreed to subordinate his interest in the condos to the Bank's interest. The parties entered into several other contracts between and among themselves regarding the development, construction, and financing of the condo units.

¶4 The unravelling of the Lakeside Village project in 2007 spawned three lawsuits. The first lawsuit (the Interpleader Action) resulted in a final judgment in district court that was not appealed. We resolved the second lawsuit (the Foreclosure Action) in 2013. *See Mt. West Bank, N.A. v. Cherrad, LLC*, 2013 MT 99, 369 Mont. 492, 301 P.3d 796.

3

We set forth most of the background facts relevant to this third lawsuit in that opinion, *Cherrad*, ¶¶ 5-15, and we will not repeat them here. We recount only the facts essential to this appeal.

¶5 On March 28, 2012, the Estate filed this action in Gallatin County and asserted eight claims against the Bank: (1) breach of covenant of good faith and fair dealing, (2) tortious interference with contract, (3) fraudulent inducement, (4) constructive fraud, (5) actual fraud, (6) deceit, (7) breach of contract, and (8) unjust enrichment. The thrust of the Estate's claims was that the Bank misrepresented to Craig Kinnaman how the proceeds from the infrastructure loans to Cherrad would be used, that it fraudulently induced Kinnaman into subordinating his interest in the condo units to the Bank's interest, and that it unjustly enriched itself on profits from the sale of several condo units. The contracts on which the Estate bases its claims against the Bank in this case are the same contracts that were at issue in the Foreclosure Action.

¶6 The Bank moved for summary judgment on all the Estate's claims on the grounds that the claims were barred by the compulsory counterclaim rule or the doctrine of claim preclusion. The Bank asserted that all the facts upon which the Estate relies in the present action were in existence during the pendency of the Foreclosure Action, and that the Estate should have litigated any claims it had against the Bank during the Foreclosure Action. The District Court agreed with the Bank and granted summary judgment on all claims. The Estate appeals both the District Court's order granting summary judgment and the District Court's denial of the Estate's motion for relief from judgment. The

4

Estate also appeals the order changing venue from Gallatin County to Lewis and Clark County, and the District Court's taking judicial notice in this action of the records from the previous actions. We affirm the District Court.

## STANDARD OF REVIEW

¶7 A district court's ruling on a motion for change of venue to a proper county is a question of law that we review for correctness. *Lockhead v. Weinstein*, 2001 MT 132, ¶ 5, 305 Mont. 438, 28 P.3d 1081 (citing *Sprinkle v. Burton*, 280 Mont. 358, 361, 935 P.2d 1094, 1096 (1996)).

¶8 We review a district court's entry of summary judgment *de novo*. *McClue v. Safeco Ins. Co.*, 2015 MT 222, ¶ 8, 380 Mont. 204, 354 P.3d 604 (citing *Albert v. City of Billings*, 2012 MT 159, ¶ 15, 365 Mont. 454, 282 P.3d 704). "Summary judgment is appropriate when the moving party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law." *Albert*, ¶ 15. "A material fact is a fact that involves the elements of the cause of action or defenses at issue to an extent that necessitates resolution of the issue by a trier of fact." *Williams v. Plum Creek Timber Co.*, 2011 MT 271, ¶ 14, 362 Mont. 368, 264 P.3d 1090 (internal quotation marks omitted) (citing *Arnold v. Yellowstone Mountain Club, LLC*, 2004 MT 284, ¶ 15, 323 Mont. 295, 100 P.3d 137).

¶9 Evidentiary rulings by a district court, including a decision to take judicial notice of facts or law, are reviewed for abuse of discretion. *In re Marriage of Carter-Scanlon*, 2014 MT 97, ¶ 15, 374 Mont. 434, 322 P.3d 1033; *In re Marriage of Steab*, 2013 MT

5

124, ¶ 11, 370 Mont. 125, 300 P.3d 1168. We also review for abuse of discretion a district court's ruling on a motion for relief from judgment brought under Rule 60(b)(6) of the Montana Rules of Civil Procedure. *Hall v. Heckerman*, 2000 MT 300, ¶ 12, 302 Mont. 345, 15 P.3d 869 (citing *In re Marriage of Laskey*, 252 Mont. 369, 371, 829 P.2d 935, 937 (1992)).

## DISCUSSION

¶10    *1. Did the District Court err in granting Mountain West Bank's motion to change venue?*

¶11    The Estate filed this lawsuit on March 28, 2012, in Gallatin County.[1] On May 31, 2012, the Bank filed a motion for change of venue pursuant to § 25-2-201(1), MCA, and requested that the District Court transfer the matter to Lewis and Clark County. Following full briefing, the District Court granted the Bank's motion to change venue on July 10, 2012, and transferred the matter to Lewis and Clark County. The Estate did not appeal that order.

¶12    On May 14, 2015, the Estate appealed the District Court's order granting summary judgment to the Bank, and the District Court's order denying the Estate's motion under Montana Rule of Civil Procedure 60(b)(6) for an order vacating summary judgment. In its appellate brief, the Estate argued, *inter alia*, that the Eighteenth Judicial District Court, Gallatin County erred in granting the Bank's motion for change of venue to the First

---

[1] In its briefs, the Estate maintains that its complaint was filed as a counterclaim against the Bank in a probate matter in Gallatin County involving the Craig Kinnaman estate. In fact, the Estate's complaint was filed as a separate civil action and there was never a consolidation of the civil complaint with the probate action.

Judicial District Court, Lewis and Clark County, because venue in the present action is proper in Gallatin County, where the Estate's probate was filed. The Bank responded that "[i]t is unclear how venue of the probate proceeding could inform the venue analysis here," and that the District Court did not err in transferring this matter to Lewis and Clark County. We conclude the Bank's argument is correct.

¶13 Section 25-2-201, MCA, provides, "[t]he court or judge must, on motion, change the place of trial in the following cases: (1) when the county designated in the complaint is not the proper county." The Bank made such a motion, and the District Court was required to change the venue from Gallatin County if Gallatin County was not the proper place of trial. "[T]he proper place of trial for all civil actions is the county in which the defendants or any of them reside at the commencement of the action." Section 25-2-118(1), MCA. This is the "principal rule" of venue. Tit. 25, ch. 2, Mont. Code Ann., *Annotations*, Official Comments at 128 (2012). The Bank is the only defendant in this action, and it is undisputed that the Bank is authorized to do business in Montana and that its principal place of business in Montana is Lewis and Clark County. Additionally, "[t]he proper place of trial for actions upon contracts is either: (a) the county in which the defendants, or any of them, reside at the commencement of the action; or (b) the county in which the contract was to be performed." Section 25-2-121(1), MCA. The contracts at issue in this case were all to be performed in Lewis and Clark County, making Lewis and Clark County the proper venue for trial of the Estate's contract claims. Even if venue may have been proper in Gallatin County on one of the Estate's non-contract claims, the

7

Bank would still be entitled to a change of venue to Lewis and Clark County. Section 25-2-116, MCA ("In an action involving two or more claims for which this part designates more than one as a proper place of trial, a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action."). Thus, Lewis and Clark County is the proper venue for this action, and the District Court did not err in granting the Bank's motion to change venue from Gallatin County.

¶14 *2. Did the District Court err in granting summary judgment in favor of Mountain West Bank on all claims?*

¶15 The Estate raised eight claims against the Bank in its complaint in the present action. The Bank moved for summary judgment on various grounds and argued, *inter alia*, that it was entitled to judgment as a matter of law because the Estate's claims were barred as having been compulsory counterclaims in the Foreclosure Action or were barred by the doctrine of claim preclusion. The District Court granted the Bank's motion for summary judgment on the grounds that most of the Estate's claims were barred as having been compulsory counterclaims in the Foreclosure Action, and the remaining claims having to do with the sale of condo units 3, 5, and 6 were barred by the doctrine of claim preclusion. We conclude that the District Court did not err in entering summary judgment in favor of the Bank, but we reach this conclusion based solely on the application of the doctrine of claim preclusion. As we have said before, "[w]e will affirm a district court decision if the right result was reached, though for the wrong reason, and we do so here." *Hinebauch v. McRae*, 2011 MT 270, ¶ 25, 362 Mont. 358, 264 P.3d

8

1098 (citing *Wells Fargo Bank v. Talmage*, 2007 MT 45, ¶ 23, 336 Mont. 125, 152 P.3d 1275).

¶16     In *Touris v. Flathead County*, 2011 MT 165, 361 Mont. 172, 258 P.3d 1, we set forth the policy behind and the elements of claim preclusion:

> The doctrine of res judicata, or claim preclusion, bars re-litigation of a claim that a party has already had the opportunity to litigate. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267. Central to res judicata is the concept of finality; litigation must, at some point, come to an end. *State v. Southwick*, 2007 MT 257, ¶ 15, 339 Mont. 281, 169 P.3d 698; *Orlando v. Prewett*, 236 Mont. 478, 481, 771 P.2d 111, 113 (1989). In addition, res judicata promotes judicial efficiency, deterring plaintiffs from splitting a single cause of action into more than one lawsuit. *Baltrusch*, ¶ 15.

*Touris*, ¶ 12.  A matter is barred by the doctrine of claim preclusion if four elements are met: "(1) [t]he parties or their privies are the same; (2) [t]he subject matter of the present and past actions is the same; (3) [t]he issues are the same and relate to the same subject matter; and (4) [t]he capacities of the parties are the same to the subject matter and issues between them." *Touris*, ¶ 13 (citing *Wiser v. Mont. Bd. of Dentistry*, 2011 MT 56, ¶ 9, 360 Mont. 1, 251 P.3d 675).  However, res judicata only applies if a final judgment on the merits was entered in the earlier action.  *Touris*, ¶ 13 (citing *Baltrusch*, ¶ 15; *Wiser*, ¶ 9).

¶17     In this case, the first, second, and fourth elements are clearly satisfied.  Both parties to the present action were parties to the Foreclosure Action.  *See Cherrad*, ¶¶ 5-15.  The subject matter of the present and past actions, the developing, building, and financing of Lakeside Village, is the same.  *See Cherrad*, ¶¶ 5-24.  And the capacities of

9

the parties are the same to the subject matter and issues between them. *See Cherrad*, ¶¶ 5-24. The only elements conceivably in dispute, then, are whether the issues in the two actions are the same, and whether the Foreclosure Action was a final judgment on the merits of all claims in dispute in the present action.

¶18    In analyzing the third element of claim preclusion, whether the issues in the two actions are the same, we have in the past looked to the Restatement (Second) of Judgments: "[w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim [. . .], the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 23, 366 Mont. 78, 285 P.3d 494 (quoting *Restatement (Second) of Judgments* § 24). We went on to say that

> [t]he concept of "transaction" here "connotes a natural grouping or common nucleus of operative facts." *Restatement (Second) of Judgments* § 24 cmt. b. Thus, where one act causes a number of harms to, or invades a number of different interests of, the same person, there is still only one transaction. *Restatement (Second) of Judgments* § 24 cmt. c. The rationale and premise underlying this approach is that modern procedural systems afford parties ample means for fully developing the entire transaction in one action—e.g., by permitting the presentation of all material relevant to the transaction without artificial confinement to any single substantive theory or kind of relief and without regard to historical forms of action or distinctions between law and equity; by allowing allegations to be made in general form and reading them indulgently; by allowing allegations to be mutually inconsistent subject to the pleader's duty to be truthful; by permitting considerable freedom of amendment and tolerating changes of direction in the course of litigation; and by enabling parties to resort to compulsory processes besides private investigations to ascertain the facts surrounding the transaction. *Restatement (Second) of Judgments* § 24

10

cmt. a. "The law of res judicata now reflects the expectation that parties who are given the capacity to present their 'entire controversies' shall in fact do so." *Restatement (Second) of Judgments* § 24 cmt. a.

*Brilz*, ¶ 24.

¶19 The Estate had an opportunity in the Foreclosure Action to present the "entire controversy," and it should have done so. In the Foreclosure Action, the Bank sought to foreclose on the loans it had made to Cherrad, and alleged that it was adversely affected by the $3.3 million construction lien the Estate had filed against the property that secured the loans the Bank was seeking to foreclose. *Cherrad*, ¶ 16. The Bank also requested a declaration that its secured interests in the property were superior to the Estate's construction lien. *Cherrad*, ¶ 16. The Estate filed an answer, a counterclaim against the Bank for lien superiority, and a crossclaim against Cherrad for breach of contract and unjust enrichment, claiming Cherrad wrongfully diverted funds from the proceeds of the sale of one of the condo units. *Cherrad*, ¶ 17. The District Court granted summary judgment against the Estate in favor of the Bank and Cherrad, and declared the Estate's construction lien invalid. *Cherrad*, ¶ 18. However, the District Court also ordered Cherrad to compensate the Estate for work Kinnaman had performed on the condos. *Cherrad*, ¶ 22. The District Court awarded the Estate $76,278 of the $3.3 million the Estate claimed it was owed. *Cherrad*, ¶ 22. We affirmed the District Court. *Cherrad*, ¶ 42.

¶20 Now in the present action, the Estate is suing the Bank over the same contracts that were the subject of the Estate's counterclaim for lien superiority and its crossclaim

11

for breach of contract in the Foreclosure Action, and is seeking to recover, this time from the Bank, the same $3.3 million that it claimed was its due in the Foreclosure Action. The present action clearly arose from the same "series of connected transactions" that gave rise to the Foreclosure Action. *Brilz*, ¶ 23 (quoting *Restatement (Second) of Judgments* § 24). Thus, the issues in the two actions are the same, and the third element of claim preclusion is satisfied.

¶21 The final question in applying the doctrine of claim preclusion here is whether the Foreclosure Action was a final judgment on the merits of all claims in dispute in the present action. As we have said before,

> [t]his includes claims that were or *could have been* litigated in the first action. *Wiser v. Mont. Bd. of Dentistry*, 2011 MT 56, ¶ 17, 360 Mont. 1, 251 P.3d 675; *Somont Oil Co. v. A & G Drilling, Inc.*, 2008 MT 447, ¶ 11, 348 Mont. 12, 199 P.3d 241. Hence, as a result of the doctrine's application, a party may be precluded from litigating a matter that has never been litigated and that may involve valid rights to relief. The rationale here is to force parties to raise such matters in their first suit in the interest of judicial economy and avoiding the expense and vexation of multiple lawsuits.

*Brilz*, ¶ 21 (emphasis in original).

¶22 The facts that form the basis of the Estate's complaint in the present action—*e.g.*, the negotiations about and substance of the contracts among the various parties, the procedures followed in the sale of the condo units and distribution of the resulting proceeds, the amounts of money each party spent or was owed during the development, financing, construction, and sale of the condo units—were all in existence at the time of the Foreclosure Action. Although the Estate chose in the Foreclosure Action to proceed

12

against Cherrad and not the Bank, the Bank was a party to that action, and the Estate's current claims against the Bank could have been litigated in the Foreclosure Action. Because a final judgment on the merits was entered in the Foreclosure Action, the Estate is now barred from reopening issues that were or should have been determined in the prior suit. *Baltrusch*, ¶ 15.

¶23 Since all four elements of claim preclusion are present and a final judgment on the merits was entered in the Foreclosure Action, the Estate's claims in this action are barred by the doctrine of claim preclusion. The District Court did not err in granting summary judgment to the Bank on all claims.

¶24 *3. Did the District Court abuse its discretion by taking judicial notice of the record in previous actions?*

¶25 In its order granting the Bank's motion for summary judgment, the District Court took judicial notice of our opinion in the Foreclosure Action and the District Court records of the Interpleader Action and the Foreclosure Action. The Estate argues on appeal that the District Court improperly used Rule 202 of the Montana Rules of Evidence to adopt facts from the record of the Foreclosure Action. The Bank responds that the District Court did not adopt facts from a previous record, but simply took judicial notice of the existence of those facts, and that taking judicial notice of the record in the present action or in previous actions is not an abuse of the District Court's discretion under Rule 202.

13

¶26 The Montana Rules of Evidence allow a District Court to take judicial notice of facts, M. R. Evid. 201, or judicial notice of law, M. R. Evid. 202. Under Rule 202, the District Court may take judicial notice of the "[r]ecords of any court of this state." M. R. Evid. 202(b)(6). We have held that this rule "includes prior proceedings in other cases, *Farmers Plaint Aid v. Fedder*, 2000 MT 87, ¶¶ 26-27, 299 Mont. 206, 999 P.2d 315, and prior proceedings in the same case, *State v. Loh*, 275 Mont. 460, 477-78, 914 P.2d 592, 603 (1996)." *State v. Homer*, 2014 MT 57, ¶ 8, 374 Mont. 157, 321 P.3d 77. In this case, the District Court noted in its order granting the Bank's motion for summary judgment that the "factual and procedural backgrounds are based on the record in this case, as well as court records the Court is entitled to take judicial notice of under Rule 202." The District Court then listed the opinions and records of which it was taking judicial notice, including our opinion in the Foreclosure Action, and the District Court records of the Interpleader Action and the Foreclosure Action. Rule 202 allows a District Court to take judicial notice of the prior proceedings in this case and in other cases, and the District Court did not abuse its discretion in so doing.

¶27 Further, in order to properly consider the Bank's argument that the Estate's claims were barred by the compulsory counterclaim rule or by claim preclusion, the District Court would have needed to review the record in the Foreclosure Action to determine if the issues presented in that action were the same as the issues presented in this action, and to determine if the facts alleged in the Estate's complaint in this action were in existence during the pendency of the previous action. The District Court did just that:

14

reviewed the discovery produced in the Foreclosure Action and determined that the facts central to the Estate's present claims were in existence during the Foreclosure Action. The District Court did not take improper judicial notice of facts under Rule 201, but rather properly exercised its discretion under Rule 202 to take judicial notice of the record in previous actions.

¶28   *4. Did the District Court abuse its discretion by denying the Estate's motion under Montana Rule of Civil Procedure 60(b)(6) to vacate the order of summary judgment?*

¶29   After the District Court granted the Bank's motion for summary judgment, the Estate filed a motion for relief from judgment under Rule 60(b)(6) of the Montana Rules of Civil Procedure. The Estate argued that it was entitled to relief from judgment because the District Court took improper judicial notice of facts from previous actions in order to determine that no genuine dispute of material fact remained in this action. The merits of the Estate's judicial notice arguments are addressed above.

¶30   Under Rule 60, a party may seek relief from a final judgment or order for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

15

M. R. Civ. P. 60(b).  The Estate sought relief from judgment under subsection (6), the "catch-all" provision.  We have held that "[a] movant cannot prevail under Rule 60(b)(6) unless [she] meet[s] the higher burden of proving extraordinary circumstances while showing that [she was] blameless and acted within a reasonable amount of time."  *Wittich Law Firm, P.C. v. O'Connell*, 2013 MT 122, ¶ 19, 370 Mont. 103, 304 P.3d 375 (citing *Bahm v. Southworth*, 2000 MT 244, ¶ 14, 301 Mont. 434, 10 P.3d 99).  Moreover, "[i]t is not the intent of Rule 60(b)(6) to be a substitute for appeal."  *Lussy v. Dye*, 215 Mont. 91, 93, 695 P.2d 465, 466 (1985).  A motion under Rule 60(b)(6) "must be something more than a request for rehearing or a request that the District Court change its mind.  It must be shown that something prevented a full presentation of the cause or an accurate determination on the merits and that for reasons of fairness and equity redress is justified."  *Lussy*, 215 Mont. at 93, 695 P.2d at 466.

¶31   The Estate's motion in this case was essentially a request that the District Court change its mind.  The District Court noted in its order denying the Estate's Rule 60(b)(6) motion that "[m]ere allegations do not constitute an 'extraordinary circumstance' when the moving party had an opportunity to argue, and did argue, before the District Court."  The fact that the Estate was unsuccessful in its arguments before the District Court is not an extraordinary circumstance warranting relief under Rule 60(b)(6).  The District Court did not abuse its discretion in denying the Estate's motion for relief from judgment.

**CONCLUSION**

¶32    For the foregoing reasons, we affirm the District Court's April 22, 2014 Order granting the Bank's motion for summary judgment, and the District Court's April 16, 2015 Order denying the Estate's motion for relief from judgment.


/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON