Justice Ingrid Gustafson delivered the Opinion of the Court.
***424 ¶1 Petitioner Heather M. Remitz (Heather) appeals from a M. R. Civ. P. 60 Motion for Relief from Judgment ( Rule 60 Motion) deemed denied by the passage of time in the Eighteenth Judicial District Court, Gallatin County. We vacate the District Court's denial of Heather's Rule 60 Motion and remand to the District Court (not the Standing Master) to conduct limited discovery, hold a hearing on the Rule 60 Motion, and issue a ruling thereon.
¶2 We restate the issue on appeal as:
Whether the District Court erred in denying Heather's M. R. Civ. P. 60 Motion for Relief from Judgment?
*340 FACTUAL AND PROCEDURAL BACKGROUND
¶3 Heather and Respondent Rick S. Remitz (Rick) were married in 1994, separated in 2009, and have two children now over the age of majority. Heather filed for divorce in April 2011, which included the standard economic restraining order preventing either party from "in any way disposing of any property." The parties' primary asset was their 51% interest in a medical equipment business (Business) valued by Rick's expert at $2,248,000 in August 2013. Trial was held in March 2014 before the district's Standing Master. During trial Rick's valuation expert testified to his valuation created seven months prior. Heather did not submit evidence from her own Business valuation expert.
¶4 In May 2017-more than three years after trial-the Standing Master issued her Findings of Fact, Conclusions of Law and Final Decree of Dissolution (Decree). In the Decree, the Standing Master ***425 accepted the $2,248,000 valuation and awarded the parties' ownership in the business to Rick. The Decree listed and equally divided the parties' interest in all marital assets and debts including the Business, awarding each party exactly half of the marital estate (each receiving $817,074).
¶5 In June 2017, Rick filed Specific Objections to the Decree which argued, amongst other things, the Business should have been excluded as a marital asset and some of Heather's premarital and gifted assets should have counted as marital.
¶6 On August 28, 2017, Rick's counsel advised Heather's counsel the Business was being sold, but provided no details such as price. On September 8, 2017, Rick withdrew his objections. On September 12, 2017, the Decree was adopted as a final order of the court which lifted the economic restraining order in place since the case was filed in 2011. Less than a month later, on October 9, 2017, the business sold for between $20 million and $32 million,[1] ten times the valuation in the Decree. Heather discovered the sale in November 2017, and promptly filed her Rule 60 Motion on December 4, 2017.
¶7 In her Rule 60 Motion Heather alleges she should be granted relief from judgment based on subsections (b)(1) mistake, inadvertence, surprise, or excusable neglect; and (b)(2) newly discovered evidence; or (b)(6) the catchall provision ("any other reason that justifies relief"). Specifically, the motion requests the following relief: 1) vacating the property terms of the Decree, 2) allowing additional discovery as requested in the motion, 3) requiring Rick to preserve any proceeds of sale of the Business in his possession or control, 4) requiring Rick to account for proceeds of the sale of the Business, and 5) setting a hearing to address the division of sales proceeds of the Business. The motion was fully briefed and, as no ruling was issued within the 60-day period required under M. R. Civ. P. 60(c)(1) and 59(f), was deemed denied as an operation of law. Heather appeals.
STANDARD OF REVIEW
¶8 Heather's motion was made under M. R. Civ. P. 60(b)(1), (2), and (6). The standard of review for a district court's order on M. R. Civ. P. 60(b)(1) and (6) is abuse of discretion. The standard of review for M. R. Civ. P. 60(b)(2) is manifest abuse of discretion. Essex Ins. Co. v. Moose's Saloon, Inc. , 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451.
***426 DISCUSSION
¶9 Whether the District Court erred in denying Heather's M. R. Civ. P. 60 Motion for Relief from Judgment?
¶10 The District Court ordered the Business asset to be equally divided between Heather and Rick. Although Rick has not provided the specific sale price of the Business, it has been asserted and he has not specifically denied that the Business sold for more than ten times the District Court's valuation less than one month after the Decree *341 was finalized. Heather asserts that in this unique situation the matter should be reopened to allow inquiry into the circumstances, timing, and terms of the sale process, the cause of the disparity between Rick's valuation and the actual sale price, and whether it would be fair and equitable that Heather share in the increased value. We agree.
¶11 The purpose of Rule 60 in both the federal and Montana[2] court systems is to achieve substantial justice. Peterson v. Montana Bank, N.A. , 212 Mont. 37, 45-46, 687 P.2d 673, 678 (1984).[3] As the District Court did not affirmatively rule on Heather's Rule 60 Motion within 60 days of its filing, it was deemed denied per M. R. Civ. P. 60(c)(1) and 59(f). Based on the record before us, this Court has no way of knowing if the District Court's inaction in ruling was purposeful or not.[4] The vast majority of Rule 60 motions deemed denied by the passage of time are clearly supported by the underlying record. Such ***427 is not the case here. The unique circumstances in this case-the procedural history between the Standing Master and the District Court, the excessive time between trial and issuance of the Decree, and the extreme disparity between the District Court's valuation of the Business and its sale price within a relatively short period of time-warrant further discovery and hearing to ensure substantial justice.
¶12 While we have no basis to uphold the District Court's ruling, we also have an insufficient record to rule on the merits of Heather's Rule 60 Motion. The Decree equally divided what it found to be the parties' marital assets by awarding each party exactly $817,074 (half of the marital estate). This division utilized Rick's expert's 2013 valuation of the Business. In her Rule 60 Motion, Heather asserts the valuation of the Business was substantially incorrect given the sale price of the Business of over ten times the District Court's valuation. Rick resists Heather's motion asserting the increase in valuation occurred after trial and that the Business should be valued at the time of trial rather than at the time of the Decree. Rick also asserts the motion should be denied because Heather failed to file a supporting affidavit as required by § 25-11-104, MCA. Section 25-11-104, MCA, does not apply to this matter as Heather has not sought a new trial. Rick then raises issues outside the scope of the Rule 60 Motion which were originally contained in his Specific Objections to the Decree. These objections were withdrawn, have not been preserved for appeal, and are not addressed here. Finally, Rick seeks sanctions against Heather. There is no basis for sanctions to be imposed and we decline to do so.
¶13 Given the unique circumstances presented here, it is appropriate to vacate the District Court's denial of Heather's Rule 60 Motion and remand to the District Court (not the Standing Master) to conduct limited discovery, hold a hearing on the Rule 60 Motion, and issue a ruling thereon.
CONCLUSION
¶14 Heather's Rule 60 Motion should be decided on the merits. The District Court's *342 denial of Heather's Rule 60 Motion is vacated and the matter is remanded for further proceedings consistent with this Opinion.
We concur:
MIKE McGRATH, C.J.
DIRK M. SANDEFUR, J.
LAURIE McKINNON, J.
JIM RICE, J.

Heather asserts she learned of the sale price from "reliable sources." Rick responded, "given the non-disclosure agreement, [I] can only state that the $32 million figure is not accurate." The non-disclosure agreement is not in the record.

M. R. Civ. P. 60 is modeled on F. R. Civ. P. 60, so we look to interpretation of the Federal Rules for guidance. Muri v. Frank , 2001 MT 29, ¶ 12, 304 Mont. 171, 18 P.3d 1022. Rick argues M. R. Civ. P. 60(b)(1) applies only to counsel or litigant errors because all Montana cases he found are so, but federal case law expands the application. E.g. , Perez-Perez v. Popular Leasing Rental, Inc. , 993 F.2d 281, 287 (1st Cir. 1993) (holding surprise expert medical testimony required a new trial because the issue was new and prejudiced defendant's case); Washington v. Ryan , 833 F.3d 1087, 1099 (9th Cir. 2016) (holding appellant properly brought motion where the court's mistake contributed to his late filing); and Ellingsworth v. Chrysler , 665 F.2d 180, 184 (7th Cir. 1981) (finding court-created confusion over when case was set for trial excused defendant's failure to appear on trial date).

See also 12 Moore's Federal Practice-Civil § 60 App. 102 (2018) (noting "a party should be given a reasonable opportunity to litigate his claim or defense on the merits: subject to the important factor of the finality of judgments, and the well recognized doctrine that a judgment or order should not be vacated or otherwise disturbed unless refusal to take such action appears to the court inconsistent with substantial justice.").

Heather asserts the District Court likely failed to address the Rule 60 Motion as it believed the Standing Master would do so and the Standing Master likely failed to address the Motion as it believed the District Court would do so.