FILED

09/29/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0647

DA 19-0647

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 245N

BRIAN MOORE,

     Plaintiff and Appellant,

  v.

KEVIN R. FROST,

     Defendant and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV-18-278
Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Brian Moore, Self-Represented, Hamilton, Montana

       For Appellee:

       Ross D. Tillman, Tyler M. Stockton, Boone Karlberg P.C., Missoula,
Montana

          Submitted on Briefs: July 15, 2020

            Decided: September 29, 2020

Filed:

_____
             Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Brian Moore (Moore) appeals from an Opinion and Order, dated October 22, 2019, from the Twenty-First Judicial District Court, Ravalli County, granting defendant's motion for summary judgment and defendant's motion to strike Moore's affidavits, and awarding costs to the defendant.  We affirm.

¶3    This case arises from Moore's allegation that Kevin Frost (Frost) entered Moore's property in the summer of 2015 and shot two rounds from his rifle, which ultimately hit Moore's boat.  Following those events, in July 2018, Moore, appearing pro se, filed a civil action against Frost alleging seven different counts, including: intentional infliction of emotional distress; actual malice; negligence; gross negligence; negligent infliction of emotional distress; trespass; and punitive damages.  Frost moved to dismiss the claims of actual malice, trespass, and punitive damages, which the District Court granted in August 2018.  In June 2019, Frost moved for summary judgment on all of Moore's remaining claims.  Immediately prior to oral argument, Moore filed two affidavits by Sherri Frost—Frost's ex-wife—in the District Court; the second of which was not served upon Frost prior to oral argument.  After oral argument, Moore attempted to file additional affidavits, including a summary judgment affidavit.  On October 22, 2019, the

District Court entered an order allowing Moore's summary judgment affidavit to be considered; that Sherri Frost's affidavits not be considered because they were not timely filed; and, finally, granted Frost's motion for summary judgment on all the remaining claims.

¶4 Moore appeals the District Court's order. Moore first argues that the District Court erred in granting Frost's motion for summary judgment. Moore's second argument asserts that the District Court erred in excluding specific evidentiary findings that were beneficial to his case, particularly the affidavits of Sherri Frost. Finally, Moore argues that the District Court abused its discretion in awarding costs to Frost.

¶5 This Court will review an order granting summary judgement de novo. M. R. Civ. P. 56(c)(3), provides: "the judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the initial burden of establishing both the absence of any genuine issues as to any material fact and entitlement to judgment as a matter of law. *Estate of Willson v. Addison*, 2011 MT 179, ¶ 13, 361 Mont. 269, 258 P.3d 410. Once the moving party meets this initial burden, the party opposing summary judgment must present substantial evidence, as opposed to mere denial, speculation, or conclusory statements, raising a genuine issue of material fact. *Estate of Willson*, ¶ 14.

¶6 On appeal, Moore asserts that the District Court incorrectly granted Frost's motion for summary judgment pertaining to the claims of negligence, gross negligence,

3

negligent infliction of emotional distress, and intentional infliction of emotional distress. The negligence claims and the emotional distress claims will be discussed separately.

*Negligence Claims*

¶7 It is well established that "if the plaintiff fails to offer proof on any one of the four elements of negligence, then summary judgment in favor of the defendant is proper." *Peterson v. Eichhorn*, 2008 MT 250, ¶ 24, 344 Mont. 540, 189 P.3d 615. Here, to meet his initial burden, Frost presented sworn, admissible evidence that he did not shoot at Moore's boat; he was not at Moore's residence on the morning of the shooting; that investigating law enforcement did not determine who shot Moore's boat; and that Moore had not produced admissible evidence in support of his claim that Frost shot at the boat, aside from the presentation of his own affidavit. After considering this evidence, the District Court held that Frost met his initial burden of proving the absence of any issues of material fact that could establish the elements of negligence: a legal duty he owed Moore, a breach of that duty, and causation of damages to Moore's boat.

¶8 When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. *See* M. R. Civ. P. 56(e)(2). Here, Moore's failure to present *any* evidence to connect Frost to the boat shooting, to establish Frost's presence at Moore's house at the time of the shooting, or to present any other supporting evidence aside from speculation within Moore's own affidavit, established that Moore failed to meet his burden to defeat summary judgment relating to the negligence claims.

*Emotional Distress Claims*

¶9 A plaintiff's independent claim for intentional or negligent infliction of emotional distress can be maintained only upon a showing the plaintiff suffered "serious" or "severe" emotional distress as the reasonably foreseeable consequence of the defendant's act or omission. *Puryer v. HSBC Bank USA, Nat'l Ass'n*, 2018 MT 124, ¶ 38, 391 Mont. 361, 419 P.3d 105. Thus, if a plaintiff presents evidence on which serious or severe emotional distress can be found, then his emotional distress claims must go to a jury to determine whether severe emotional distress in fact existed.

¶10 Again, Frost moved for summary judgment on Moore's emotional distress claims, arguing that Moore's claims failed because Moore did not provide any evidence that Frost engaged in conduct that caused Moore's emotional distress or that Moore suffered emotional distress so severe that no reasonable person could be expected to endure it. Frost produced evidence, unrebutted by Moore, that Moore was not at his residence during the shooting; there was no indication that Moore was suffering from emotional distress when investigative law enforcement arrived at the scene; and there was no evidence that Moore exhibited any physical manifestations or sought counseling to address any emotional distress caused by the shooting. In reviewing the record, the District Court correctly held that Moore was unable to meet his threshold burden to show that Frost was the cause of his alleged emotional distress or that he suffered severe emotional distress.

¶11 Moore's second argument asserts that the District Court erred in striking Sherri Frost's affidavits. M. R. Civ. P. 56(c)(1)(B), provides that a party opposing a

motion must file a response, and any opposing affidavits, within 21 days after the motion is served or a responsive pleading is due. This Court has held "it is reasonable to expect all litigants, including those acting pro se, to adhere to the procedural rules." *Cox v. Magers*, 2018 MT 21, ¶ 15, 390 Mont. 224, 411 P.3d 1271.

¶12 Moore knew he was required to file his opposing affidavits with his response, but claimed he thought he had until trial to file affidavits. After filing his response, the District Court instructed Moore that he was not to file additional documents without first obtaining leave of court. The record establishes that Moore disregarded the court's instruction and filed Sherri Frost's two affidavits, one of which had not been received by the defense before oral argument. As the District Court stated, the rule is clear. Although some leeway is allowed for pro se litigants, pro se litigants must still adhere to procedural rules and orders of the court. The District Court did not err by striking the affidavits of Sherri Frost. Furthermore, even if the affidavits had been considered, the affidavits contained only speculative information and were not based upon personal information of Sherri Frost.

¶13 Moore's final argument asserts that the District Court erred in granting court costs to Frost and that the imposition of costs was a gross injustice. A district court must award costs when judgment is entered in the defendant's favor. Section 25-10-102, MCA. The bill of costs must be itemized and detailed, listing claims for court fees, depositions, and motions, which are all expressly allowed by statute. Sections 25-10-201, -202, MCA.

¶14 Here, the costs were detailed and timely provided pursuant to Montana law. In addition, Moore was provided with the opportunity to object to the costs, but instead asserted that the American Rule barred any imposition of costs. However, the American Rule pertains to the notion that each side must pay their own *attorney fees*, regardless of the outcome. Frost, in detailing costs, did not seek payment of his attorney fees, rather only the costs to which he was statutorily entitled to as the prevailing party. Thus, this Court cannot find a basis that the District Court erred in its discretion of awarding costs.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶16 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON
/S/ JIM RICE