FILED

03/30/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0439

DA 20-0439

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 74

BRIAN MOORE,

      Plaintiff and Appellant,

  v.

KEVIN R. FROST,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV-18-278
Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Brian Moore, Self-represented, Hamilton, Montana

      For Appellee:

      Ross D. Tillman, Tyler M. Stockton, Boone Karlberg P.C., Missoula,
Montana

Submitted on Briefs: February 24, 2021

Decided: March 30, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Plaintiff and Appellant Brian Moore (Moore) appeals from the Order Re: Post-Judgment Motions issued by the Twenty-First Judicial District Court, Ravalli County, on August 5, 2020, which denied both his M. R. Civ. P. 60(b) motion for relief and M. R. Civ. P. 62.1 motion for an indicative ruling.

¶2 We restate the issues on appeal as follows:

*1. Whether the District Court correctly determined it lacked jurisdiction to hear Moore's M. R. Civ. P. 60(b) motion.*

*2. Whether the District Court manifestly abused its discretion by denying Moore's M. R. Civ. P. 62.1 motion.*

¶3 We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 This case arises from Moore's allegation that Defendant and Appellee Kevin Frost (Frost) entered Moore's property in 2015 and shot his boat with a rifle. In 2018, Moore filed a lawsuit alleging several claims against Frost, which ultimately led to the District Court granting summary judgment in favor of Frost. Moore then appealed the summary judgment order to this Court in 2019. We affirmed the District Court. *Moore v. Frost*, No. DA 19-0647, 2020 MT 245N, 2020 Mont. LEXIS 2376. A more complete background on the case can be found in our previous opinion. *See generally Moore*, No. DA 19-0647, 2020 MT 245N, ¶¶ 3-12, 2020 Mont. LEXIS 2376.

¶5 While Moore's appeal was pending in this Court, Moore filed two motions in the District Court on June 11, 2020: Plaintiff's Motion for Relief from Judgement or Order Under Rule 60 (B),(2) [sic], and Plaintiff's Motion for Rule 62.1, F. R. Civ. P. Indicative

Rule on a Motion for Relief that is Barred by a Pending Appeal. In his motions, Moore alleged he discovered "new evidence" Frost shot his boat after Moore's daughter, Jamie Moore, told him her friend "Rob," Robert Boucher, told her: Boucher had given Frost a rifle and bullets prior to the 2015 boat shooting, that Frost had been planning to shoot Moore's boat prior to that time, and that Frost came to "Peete 'up Mill Creek'" after the shooting and said he "did it." On August 5, 2020, the District Court denied both motions, finding it lacked jurisdiction over the M. R. Civ. P. 60(b) motion due to Moore's appeal to this Court and denying Moore's Rule 62.1 motion. Moore appeals.

**STANDARD OF REVIEW**

¶6      A district court's determination on the question of jurisdiction is a conclusion of law which we review de novo to determine whether the court's interpretation of the law is correct. *D.R. Four Beat All., LLC v. Sierra Prod. Co.*, 2009 MT 319, ¶ 22, 352 Mont. 435, 218 P.3d 827 (citing *Bunch v. Lancair Int'l, Inc.*, 2009 MT 29, ¶ 15, 349 Mont. 144, 202 P.3d 784).

¶7      We have not previously articulated the standard of review for the denial of an M. R. Civ. P. 62.1 motion. Because M. R. Civ. P. 62.1(a)(2) and Fed. R. Civ. P. 62.1(a)(2) are identical, "the interpretation of the federal rules [has] persuasive application to the interpretation of the state rules." *Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Mont. Twentieth Judicial Dist. Court*, 2021 MT 13, ¶ 13 n.3, 403 Mont. 57, 479 P.3d 946 (quoting *U.S. Fid. & Guar. Co. v. Rodgers*, 267 Mont. 178, 181-82, 882 P.2d 1037, 1039 (1994)); *see also In re Marriage of Remitz*, 2018 MT 298, ¶ 11 n.2, 393 Mont. 423, 431 P.3d 338. In memorandum opinions, the Ninth Circuit has wavered on whether the denial of a

Rule 62.1 motion is an appealable order, previously stating it was "not convinced" that a denial of a Fed. R. Civ. P. 62.1 motion for an indicative ruling is an appealable final order, *Holloway v. Horn*, 701 F. App'x 608, 610 (9th Cir. 2017), though more recently determining such a denial, when based on newly discovered evidence, is reviewed for an abuse of discretion. *Prosterman v. Am. Airlines, Inc.*, 747 F. App'x 458, 462 (9th Cir. 2018); *see also Midland Innovations, NV v. Wen Wang*, 815 F. App'x 200, 201 (9th Cir. 2020) (explaining the denial of a Rule 62.1 motion is reviewed for an abuse of discretion as it serves as a denial of a Rule 60(b) motion on the merits). While these decisions are not binding on this Court, we agree the denial of a Rule 62.1 motion should be reviewed as though it serves as a denial of a Rule 60(b) motion on the merits.[1] Accordingly, we will review the denial of a motion for an indicative ruling based on a claim of newly discovered evidence for a manifest abuse of discretion. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451 (citation omitted).

## DISCUSSION

¶8     *1. Whether the District Court correctly determined it lacked jurisdiction to hear Moore's M. R. Civ. P. 60(b) motion.*

¶9     After the District Court granted Frost summary judgment in 2019, Moore filed a Notice of Appeal. When a notice of appeal is filed from a district court order, jurisdiction

---

[1] Other federal circuit courts have similarly concluded the denial of a Rule 62.1 motion for indicative ruling should be reviewed as though it serves as a denial of a Rule 60(b) motion for relief on the merits. *See Ray v. Pinnacle Health Hosps., Inc.*, 416 F. App'x 157, 161 n.3 (3d Cir. 2010); *LAJIM, LLC v. GE*, 917 F.3d 933, 949 (7th Cir. 2019); *Rousset v. Atmel Corp.*, 690 F. App'x 748, 750 (2d Cir. 2017); and *Dice Corp. v. Bold Techs.*, 556 F. App'x 378, 384 (6th Cir. 2014).

4

passes to this Court. *Powder River Cty. v. State*, 2002 MT 259, ¶ 27, 312 Mont. 198, 60 P.3d 357 (citing *Powers Mfg. Co. v. Leon Jacobs Enters.*, 216 Mont. 407, 411, 701 P.2d 1377, 1380 (1985)). After the notice of appeal has been filed, "the district court retains jurisdiction only to correct clerical errors and jurisdiction over ancillary matters, as well as some jurisdiction over matters involving an appeal such as undertaking of costs, stay of judgment, and matters involving transcript on appeal." *Boland v. Boland (In re Estate of Boland)*, 2019 MT 236, ¶ 46, 397 Mont. 319, 450 P.3d 849 (citing *Powers Mfg. Co.*, 216 Mont. at 411-12, 701 P.2d at 1380). As such, the District Court correctly determined it lacked jurisdiction over Moore's Rule 60(b) motion due to his pending appeal before this Court.

¶10　　2. *Whether the District Court manifestly abused its discretion by denying Moore's M. R. Civ. P. 62.1 motion.*

¶11　　We turn now to the denial of Moore's Rule 62.1 motion for an indicative ruling. M. R. Civ. P. 62.1(a) states:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the supreme court remands for that purpose or that the motion raises a substantial issue.

In this case, the District Court denied Moore's motion pursuant to M. R. Civ. P. 62.1(a)(2). As previously noted, we will review the denial of a Rule 62.1 motion as though it serves as the denial of a Rule 60(b) motion on the merits.

¶12    M. R. Civ. P. 60(b)(2) states that, upon motion and just terms, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]"[2]   Newly discovered evidence may constitute grounds for relief

> if the following conditions are met: (1) the alleged newly discovered evidence came to the moving party after trial; (2) it was not a want of due diligence which precluded its earlier discovery; (3) the materiality of the new evidence is so great that it would probably produce a different result on retrial; and (4) the new evidence is not merely cumulative, not tending only to impeach or discredit witnesses in the case.

*In re B.B.*, 2001 MT 285, ¶ 40, 307 Mont. 379, 37 P.3d 715 (citing *Fjelstad v. State ex rel. Dep't of Highways*, 267 Mont. 211, 220-21, 883 P.2d 106, 111-12 (1994)).  The District Court ultimately ruled Moore's "new evidence" regarding what his daughter told him about what Robert Boucher told her was not admissible evidence.  The court additionally determined Moore did not proceed with "reasonable diligence" to obtain this evidence.  The District Court is correct on both points.

¶13    Moore's Rule 62.1 motion came after the District Court granted summary judgment to Frost on all claims of Moore's complaint.  Moore then came forward with his new

---

[2] Moore, in his Rule 62.1 motion, tangentially moved for relief under Rule 60(b)(3), which allows relief from a final judgment or order due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]"  M. R. Civ. P. 60(b)(3).  Moore's argument in this regard is that, if his "newly discovered" evidence regarding Boucher's statements to Moore's daughter were admitted, they would show Frost has been lying about not shooting Moore's boat and would "constitute Fraud by Kevin Frost[.]"  As we determine the District Court correctly rejected Moore's "newly discovered" evidence, we need not address any arguments relating to "fraud."

evidence—his daughter Jamie Moore's statement about what Robert Boucher told her—in an attempt to create a genuine issue of material fact which would preclude summary judgment. *See* M. R. Civ. P. 56(c)(3). In opposing summary judgment—or as is the case here—attempting to be relieved from a summary judgment order, a party "cannot rely on mere allegations in the pleadings, but must present its evidence raising genuine issues of material fact in the form of affidavits or other sworn testimony." *Schumacker v. Meridian Oil Co.*, 1998 MT 79, ¶ 15, 288 Mont. 217, 956 P.2d 1370 (citing *Klock v. Town of Cascade*, 284 Mont. 167, 174, 943 P.2d 1262, 1266 (1997)). Here, Jamie Moore's handwritten statement about what Robert Boucher told her was neither in the form of an affidavit nor sworn testimony. Rather pointedly, Moore attached the "Affidavit of Jamie Moore Witness for Plaintiff" as part of Exhibit A to his opening brief on appeal, and it is neither signed nor notarized.[3]

¶14 Hearsay is an out-of-court statement, made by one other than the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. M. R. Evid. 801(c). Hearsay is inadmissible absent a valid exemption or exception. M. R. Evid. 802. An affidavit either supporting or opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." M. R. Civ. P. 56(e)(1). Both Jamie Moore's handwritten statement and the unsigned "Affidavit" presented by Moore

---

[3] This "affidavit" was also attached as an exhibit to Moore's reply brief in support of his Rule 62.1 motion before the District Court. Once again, it was unsigned.

7

recount an alleged conversation Jamie had with Rob Boucher in which he told her about lending Frost a rifle and bullets, that Frost had planned to shoot Moore's boat, and that Frost went to "Peete 'up Mill Creek'" after and "told them he did it." All of the allegations contained in Jamie Moore's statement—about what Boucher told her, about what Boucher told her about what Frost told him, and about what Boucher told her about what Frost told whoever was at "Peete 'up Mill Creek'"—are inadmissible hearsay and were appropriately rejected on this basis by the District Court. Some of them are hearsay within hearsay within hearsay. Further, the allegations in Jamie Moore's statement regarding Boucher lending a rifle and bullets to Frost are not based on Jamie's personal knowledge of such an event and were unsworn in any case.

¶15 After determining Moore's "new evidence" was inadmissible, the District Court further found Moore did not act with "reasonable diligence" to discover the evidence. "Newly discovered evidence" can only constitute grounds for relief when a party has acted with reasonable diligence. *In re B.B.*, ¶ 40. Here, Moore presented the June 11, 2020 Affidavit of Sherri Frost Witness for Plaintiff which stated, in relevant part:

> 2. I, Sherri Frost had a conversation with my son Treyden Frost about a boat shooting that occurred on July 1, 2015, At a table outside Mcdonalds in Hamilton.
>
> 3. Days after the boat shooting I asked my son Treyden, "I have a question for you, did you shoot the boat." Treyden replied, "NO." After Treyden said no, he leaned into me and said, "Who do "you" think did it "Rob?". I didn't know at the time who "Rob" was. I said "No Treyden." I knew Kevin did it I just wanted to see Treyden's body language.

In addition, Moore submitted his own Affidavit of Brian Moore Plaintiff, which stated, in relevant part:

8

6. Days after the boat shooting in July 2015, Sherri Frost recalled a conversation with her son Treyden Frost. She asked her son if he shot the boat, he said no, Who do you think did "Rob?" (see Sherri Frost's Affidavit). We have been wondering who "Rob" was all these years, until now. The odds of this being a different "Rob" are slim to none and Pete's house is coincidentally down the road from where the shooting occurred.

The District Court correctly reasoned Moore could have discovered any potential evidence regarding "Rob" much earlier, as both he and his girlfriend, Sherri Frost, had admittedly been wondering who this "Rob," who was possibly connected to the boat shooting, was for years prior to his post-summary judgment motion. In addition, Moore was aware of the possible involvement of a "Rob" at the time Frost moved for summary judgment in June of 2019 and did not seek an extension to obtain affidavits, depositions, or other discovery regarding "Rob" pursuant to M. R. Civ. P. 56(f)(2), again demonstrating the lack of "reasonable diligence" required to obtain relief on the basis of newly discovered evidence.

¶16 Because the District Court correctly determined Moore's "new evidence" was both inadmissible and was not obtained with reasonable diligence, the court did not manifestly abuse its discretion in denying Moore's Rule 62.1 motion for an indicative ruling.

**CONCLUSION**

¶17 The District Court correctly determined it lacked jurisdiction over Moore's Rule 60(b) motion and did not manifestly abuse its discretion by denying Moore's Rule 62.1 motion.

¶18 Affirmed.

/S/ INGRID GUSTAFSON

9

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE