FILED

02/10/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0671

DA 24-0671

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 24N

ALLEN MUNRO and LINDA MUNRO,

      Plaintiffs and Appellees,

  v.

JOHN D. MUNRO,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-19-256
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            John D. Munro, Self-Represented, Worland, Wyoming

      For Appellees:

            Clark R. Ramsey, Ramsey Law, PLLC, Billings, Montana

Submitted on Briefs:  December 17, 2025

Decided:  February 10, 2026

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John D. Munro appeals the Order of the Thirteenth Judicial District Court, Yellowstone County, denying his Motion to Vacate Final Judgment.

¶3 John and Allen Munro are brothers. Linda Munro is Allen's spouse. Allen and Linda loaned John a sum of money that John failed to pay back. Relevant to this appeal, Allen and Linda sued John for, among other claims, breach of contract, fraud, and constructive fraud. The jury found in favor of Allen and Linda on the breach of contract and constructive fraud claims and awarded them a total of $164,875. The District Court entered judgment in favor of Allen and Linda. John appealed, and we affirmed the judgment on December 27, 2023. *Munro v. Munro*, No. DA 23-0131, 2023 MT 254N, 2023 Mont. LEXIS 1272 (*Munro I*). After we affirmed the judgment on appeal, John filed two motions in the District Court to vacate the final judgment pursuant to M. R. Civ. P. 60(b)(6). The bases for both motions were the same: (1) the judgment should be vacated because another individual had pled guilty to defrauding John of money that included the funds loaned to him by Allen and Linda and therefore that person was the actual responsible party; and (2) the judgment should be vacated because the interest rate on the loan was usurious. The District Court issued an Order on October 22, 2024, holding that the motions

were deemed denied pursuant to M. R. Civ. P. 60(c)(1) and 59(f), and therefore the District Court did not address the merits of John's motions.

¶4     On appeal, in addition to the two substantive reasons upon which John based his motions to vacate, John argues that the District Court erred by failing to address the merits of his two motions because they were deemed denied.

¶5     We review a district court's decision denying a Rule 60(b)(6) motion for abuse of discretion. *In re Marriage of Remitz*, 2018 MT 298, ¶ 8, 393 Mont. 423, 431 P.3d 338. "A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice." *In re Marriage of Orcutt*, 2011 MT 107, ¶ 6, 360 Mont. 353, 253 P.3d 884.

¶6     Although John's motions were deemed denied, they were properly denied on their merits. In order to receive relief from a judgment under Rule 60(b)(6), a movant must meet "the higher burden of proving extraordinary circumstances" and show that he was "blameless and acted within a reasonable amount of time." *Est. of Kinnaman v. Mountain W. Bank, N.A.*, 2016 MT 25, ¶ 30, 382 Mont. 153, 365 P.3d 486 (citation omitted). Rule 60(b)(6) is not intended to be a substitute for appeal. *Est. of Kinnaman*, ¶ 30 (citation omitted). A motion under Rule 60(b)(6) must be more "than a request for rehearing or a request that the District Court change its mind. It must be shown that something prevented a full presentation of the cause or an accurate determination on the merits and that for reasons of fairness and equity redress is justified." *Est. of Kinnaman*, ¶ 30 (citation omitted).

¶7 This matter was fully litigated. A jury heard the evidence and rendered a verdict. Judgment was entered on that verdict, John appealed, and we affirmed the judgment on appeal. John does not dispute that Allen and Linda loaned him the money and that he failed to pay it back. John raised the usury argument in his first appeal, and we rejected that argument, holding that because of "John's failure to raise illegality as an affirmative defense, his failure to specifically delineate usury as a contention in the governing [pretrial order], and his withdrawal of jury instructions relating to usury, he is precluded from asserting illegality based on usury on appeal." *Munro I*, ¶ 13. At trial, Allen and Linda alleged fraudulent acts that John committed against them, including paying back the loan with a check that was drawn on an account with insufficient funds. The jury's verdict was based on Allen and Linda's claim of constructive fraud. We held that John's actions in misleading Allen and Linda by attempting to lead them to believe he was paying the loan balance in full when he did not have sufficient funds in the bank to do so satisfied the special circumstances element of constructive fraud and "[f]rom our review of the record, the parties had full opportunity to present their evidence on the constructive fraud claim, the jury was properly instructed on the claim without objection, and there was sufficient evidence for the jury to conclude John benefited gaining advantage over Allen and Linda such that the elements of the claim were satisfied." *Munro I*, ¶ 19. The fact that another party may have been guilty of defrauding John does not preclude a finding that John defrauded Allen and Linda.

4

¶8 Allen and Linda request that John be declared a vexatious litigant on a statewide basis "or to at least . . . admonish John that he is dangerously close to crossing that line." Although John's motions for relief from final judgment were without merit and had been fully litigated and affirmed on appeal in *Munro I*, Allen and Linda do not assert that he has pursued duplicative lawsuits. To this Court's knowledge, there has been one lawsuit that was fully litigated and affirmed on appeal, after which John filed two substantively identical motions to vacate final judgment. The most egregious conduct asserted by Allen and Linda is the arguably defamatory statements John has made that Allen and his attorney are "under investigation for perjury based on the statements made at trial in this matter." Whether or not this may provide a basis for a cause of action against John, it does not satisfy the criteria for declaring him a vexatious litigant. *See McCann v. McCann*, 2018 MT 207, ¶ 38, 392 Mont. 385, 425 P.3d 682.

¶9 All that being noted, we do deem it appropriate to caution John that further attempts to relitigate this matter may very well provide a basis for sanctions. John litigated this case fully, a judgment was entered against him, and that judgment was affirmed on appeal. The issues he attempted to raise in this appeal were thoroughly addressed in *Munro I*. This story did not warrant a sequel, and any attempts to make it a trilogy will not be met with favorable reviews.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

applicable standards of review. The District Court did not err by denying John's Rule 60(b)(6) motions to vacate final judgment. The District Court's Order is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY
/S/ INGRID GUSTAFSON