Guerrini v. Atmel Corp.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
JEAN YVES GUERRINI, individually and on
behalf of all other persons similarly
situated, LFOUNDRY ROUSSET SAS,
      <u>Plaintiffs-Appellants</u>,

      -v.-                           15-2664

ATMEL CORP., ATMEL ROUSSET SAS,
LFOUNDRY GMBH,
      <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:           PHILIPPE JEAN JOSEPH PRADAL
                               (Lauren A. Marshall, <u>on the</u>

brief), Pradal & Associates PLLC, New York, NY.

**FOR ATMEL APPELLEES:** MICHAEL LACOVARA (Samuel J. Rubin, on the brief), Freshfields Bruckhaus Deringer US LLP, New York, NY.

**FOR LFOUNDRY APPELLEES:** GREGORY F. HAUSER, Wuersch & Gering LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs Jean Yves Guerrini and LFoundry Rousset SAS appeal from the judgment of the United States District Court for the Southern District of New York (Swain, J.) dismissing for forum non conveniens their complaint asserting principally claims under RICO against defendants Atmel Corp., Atmel Rousset SAS, and LFoundry GmbH. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This action arises out of the sale of a manufacturing facility in France from Atmel Rousset, a French company (and a subsidiary of Atmel, a California corporation), to LFoundry, a German company. After the sale, the facility was operated by LFoundry Rousset, a French subsidiary of LFoundry, which employed Guerrini and over 700 other French workers. A few years after the sale closed, a bankrupt LFoundry Rousset initiated liquidation proceedings in France, and fired most of its employees (those terminated comprise the putative class). Guerrini and LFoundry allege that Atmel and Atmel Rousset conspired with LFoundry to fraudulently convey the manufacturing facility to a nearly insolvent LFoundry, virtually guaranteeing the bankruptcy of LFoundry Rousset, and did so to avoid French labor laws that would have required that Atmel Rousset compensate the former employees of the facility were Atmel Rousset to shut down the facility itself.

2

The plaintiffs filed a complaint in the Southern District of New York, alleging principally that the defendants' fraudulent scheme violated RICO. The plaintiffs sought and received limited jurisdictional discovery in advance of the defendants' motion to dismiss on, inter alia, the ground that France is the more appropriate forum for this litigation. Based on the pleadings and affidavits, the district court conditioned dismissal of the complaint for forum non conveniens on the defendants' written consent to jurisdiction in France. After the defendants provided the requisite written consent, the district court dismissed the complaint. The plaintiffs appealed.

We generally review the dismissal of a case on the basis of forum non conveniens for abuse of discretion, Iragorri v. United Techs. Corp., 274 F.3d 65, 72 (2d Cir. 2001) (en banc), unless the dismissal is based on a forum selection clause, in which case we review the decision de novo, Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007). See Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014).

**1.** While a forum selection clause is typically presumed to be enforceable, that is only true if the claims in question are encompassed by the forum selection clause. Phillips, 494 F.3d at 386-87. The plaintiffs argue that the district court erred in failing to enforce the forum selection clauses contained in a variety of contracts related to the sale of the manufacturing facility that identify New York as the exclusive forum for disputes arising thereunder. LFoundry Rousset is a party to two of these contracts and the defendants are party to all five of them; but the plaintiffs do not allege that any of the contracts have been breached. Because the plaintiffs do not bring contract claims, the district court concluded the forum selection clauses were irrelevant. We agree.

The gravamen of the plaintiffs' complaint is that the sale of the manufacturing facility from Atmel Rousset to LFoundry was a fraudulent conveyance, designed to deny compensation to LFoundry Rousset and its employees. This suit has nothing to do with the contracts the plaintiffs have identified. Indeed, if their claims to void the sale were construed to sound in contract, the contract to *that* sale does not contain a forum

3

selection clause. The district court correctly rejected the plaintiffs' attempted invocation of the forum selection clauses found in ancillary contracts.

**2.** Courts must determine and weigh three factors for forum non conveniens challenges: (i) the degree of deference due to the plaintiffs' choice of forum; (ii) whether an adequate alternative forum exists; and (iii) the balance of public and private interests implicated in the choice of forum. Iragorri, 274 F.3d at 70-74. The plaintiffs argue the district court abused its discretion with respect to each of the three factors. We disagree.

The district court's well-reasoned opinion identified and applied the three-part Iragorri test. We agree with the district court that: (i) the plaintiffs' choice of New York was entitled to little weight because New York was plainly chosen for a tactical advantage and this suit has little to do with New York; (ii) France is an adequate alternative forum because French courts tolerate claims like those brought by the plaintiffs and the defendants expressly consented to jurisdiction there; and (iii) the private and public interest factors strongly support adjudication in France because the locus of operative facts is in France and France has a far greater interest in the litigation than does New York.

Accordingly, and finding no merit in the plaintiffs' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4