16-2566-cv
LFoundry Rousset v. Atmel

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand seventeen.

PRESENT:  REENA RAGGI,
                    DENNY CHIN,
                    SUSAN L. CARNEY,
                              *Circuit Judges*.

---

LFOUNDRY ROUSSET, SAS, JEAN YVES GUERRINI, individually and on behalf of all other persons similarly situated,

                              *Plaintiffs-Appellants*,

                    v.                                                    No. 16-2566-cv

ATMEL CORPORATION, ATMEL ROUSSET, SAS, LFOUNDRY GMBH,

                              *Defendants-Appellees*.

---

APPEARING FOR APPELLANTS:          PHILIPPE JEAN JOSEPH PRADAL (Lauren Anne Marshall, *on the brief*), Pradal & Associates PLLC, New York, New York.

1

APPEARING FOR APPELLEES:     SAMUEL J. RUBIN (Marshall H. Fishman, *on the brief*), Goodwin Procter LLP, New York New York, *for* Atmel Corporation and Atmel Rousset, SAS.

GREGORY F. HAUSER, Wuersch & Gering LLP, New York, New York, *for* LFoundry GmbH.

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on June 27, 2016, is AFFIRMED.

Plaintiffs LFoundry Rousset, SAS, and a putative class of its employees, led by Jean Yves Guerrini, appeal from the denial of their Fed. R. Civ. P. 60(b) and 62.1 motions, which the district court characterized as moot in light of this court's summary order affirming the conditional dismissal of the complaint on *forum non conveniens* grounds.

Plaintiffs had asserted claims under RICO, as well as for fraud, tortious interference with contracts, and trespass to chattel, and had sought a declaration voiding certain contracts, based on what plaintiffs allege was a scheme by defendants Atmel Corporation, Atmel Rousset, SAS, and LFoundry GmbH fraudulently to convey a semiconductor manufacturing unit in France to a near-insolvent buyer to dispose of it without paying employee assistance, as mandated by French labor law and collective bargaining agreements. The district court ruled that France was a more appropriate forum and conditioned its dismissal on the defendants' consent to jurisdiction in France,

2

which was the disposition we affirmed on the first appeal. *See Guerrini v. Atmel Corp.*, 667 F. App'x 308 (2d Cir. 2016).

During the prior appeal, this court granted plaintiffs' motion for leave to file an amended motion for judicial notice of French court documents allegedly evincing LFoundry GmbH's noncompliance with the district court's condition for dismissal insofar as that defendant opposed jurisdiction through a motion it filed in French courts, but it does not appear that we formally ruled on the amended motion itself. Nonetheless, this evidence was thoroughly discussed in plaintiffs' reply brief and during oral argument. Indeed, it was in response to concerns voiced by the panel at argument that LFoundry GmbH submitted a letter explaining that it consented to jurisdiction in France but would not withdraw its challenge to the French courts' jurisdiction until the United States proceedings were final. Plaintiffs responded with their own letter rejecting defendant's assurances and requesting that the court "find that Defendant-Appellee LFoundry has not consented to the jurisdiction of French courts." J.A. 269–70.

Plaintiffs now contend that this court's summary order, which discussed the merits of the district court's conditional *forum non conveniens* dismissal and, in so doing, concluded that defendants *had* consented to jurisdiction, did not reach the late-adduced evidence and arguments, and therefore the district court erred in deeming their post-judgment motions moot.

We review the denial of motions under Fed. R. Civ. P. 60(b) for abuse of discretion, *see Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015), which we identify when "(1) [the court's] decision rests on an error of law (such as application of

3

the wrong legal principle) or clearly erroneous factual finding, or (2) [the court's] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions," *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (internal quotation marks omitted). We apply the same standards to the denial of indicative relief pursuant to Fed. R. Civ. P. 62.1.[1] *See Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1206 (8th Cir. 2015) ("We review a denial of indicative relief for abuse of discretion."); *Dice Corp. v. Bold Techs.*, 556 F. App'x 378, 384 (6th Cir. 2014) (stating that reviewing court "treat[s] a denial of indicative relief as we would a Rule 60(b) motion"); *Ray v. Pinnacle Health Hosps., Inc.*, 416 F. App'x 157, 161 n.3 (3d Cir. 2010) (same). In conducting our review, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1.    Fed. R. Civ. P. 62.1

A motion brought pursuant to Fed. R. Civ. P. 62.1 is a procedural device that allows a district court to inform the parties and this court how it would rule on the merits of certain motions after an appeal has been filed and the district court has been divested of jurisdiction. When presented with a Rule 62.1 motion, a district court "may" (1) defer consideration, (2) deny the motion, (3) indicate that it would grant the motion if the court of appeals remanded for that purpose, or (4) state that it "raises a substantial issue." Fed. R. Civ. P. 62.1(a).

---

[1] As defendants correctly argue, we do not review the denial of these motions *de novo*. Unlike the cases cited by plaintiffs in support of that contention, the disposition of these motions was not a merits adjudication on mootness grounds.

4

We detect no abuse of discretion in the district court's decision to defer consideration and ultimately deny the motion as moot. *See* Steven S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, *Rule 62.1 Indicative Ruling on a Motion for Relief that is Barred by a Pending Appeal* (Feb. 2017) (observing that Rule 62.1 "does not supply a free-standing basis for parties to solicit the district court's views on matters currently on appeal"). This court declined to remand to allow the district court to consider the Fed. R. Civ. P. 60(b) motion while the appeal was pending. Thus, our return of the mandate to the district court rendered the Rule 62.1 motion moot because it was no longer necessary for the district court's jurisdiction to consider the concomitant Fed. R. Civ. P. 60(b) motion. Accordingly, we affirm the district court's disposition in this regard.

2.     The Mandate Rule

This court's longstanding precedent establishes that "a district court does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion." *DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994); *accord Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006) (observing that if "an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's ruling on that issue" (internal quotation marks omitted)). Whether we have already considered and rejected the basis for a given motion is dependent on the contours of the mandate, which "impliedly decides at least enough issues to allow it to be effective, even if not all issues are made explicit." *In re Coudert Bros. LLP*, 809 F.3d 94, 101–02 (2d Cir. 2015); *see*

5

*United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) ("The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or *impliedly* decided by the appellate court." (emphasis in original) (internal quotation marks omitted)). "To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." *United States v. Ben Zvi*, 242 F.3d at 95 (internal quotation marks omitted).

Plaintiffs argue that this court's earlier decision in this case did not render the issues presented in the Rule 60(b) motion moot because that decision did not explicitly address the merits of the arguments and evidence presented by the Rule 60(b) motion. Defendants argue to the contrary, and, therefore, submit that the district court's consideration of the Rule 60(b) motion was barred by the mandate rule.

The district court did not err in concluding that it was foreclosed from considering the Rule 60(b) motion because, although there was no remand order here, this court's mandate clearly encompassed the arguments made in the Rule 60(b) motion before the district court.[2] The court heard extensive argument about the ongoing proceedings in France, took judicial notice of the records of those proceedings, and ultimately concluded that "the defendants expressly consented to jurisdiction" in France. *Guerrini v. Atmel Corp.*, 667 F. App'x at 310. If the court had viewed the evidence before it as

---

[2] Indeed, plaintiffs' Fed. R. Civ. P. 60(b) motion explicitly concedes that the evidence it presents is the same as that presented by the motion for judicial notice to this court.

undercutting defendants' professed consent to jurisdiction in France, it would not have so ruled.

Even if this court's consent conclusion did not, by itself, capture the entirety of plaintiffs' arguments, the relevant summary order did so in stating that the court "f[ound] no merit in the plaintiffs' other arguments." *Id.* Because the issue of defendants' conduct in the French courts was raised and fully argued, such language—even without overt reference to a particular argument or explanation of the reasons it lacked merit— signifies an adjudication on the merits. *See Francolino v. Kuhlman*, 365 F.3d 137, 141 (2d Cir. 2004) (observing "that a claim was adjudicated on the merits where it was one of the remaining contentions that the [reviewing court] stated were without merit" (internal quotation marks omitted)).

Moreover, even if we could now reconsider this issue, it would fail on the merits. As one member of the original appeals panel observed, merely because LFoundry GmbH was "prepared to be in France; [but] not prepared to be in France and the United States at the same time," Appellee LFoundry GmbH's Br. 12 (quoting Tr. of June 20, 2016 Oral Arg. at 24:18–20), does not mean that it violated the condition of the district court's *forum non conveniens* dismissal. Indeed, if LFoundry GmbH is faithful to its representations to this court and the district court and withdraws any opposition to jurisdiction when these proceedings are final, there would be no violation justifying the reinstatement of the case. If it fails to do so, plaintiffs may then file another Rule 60(b) motion for the district court to consider in the first instance. *See Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976) ("Like the original district court judgment, the

7

appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events."). On the present record, however, which, to be clear, includes the French court documents, the district court did not abuse its discretion in denying plaintiffs' motion as moot based on the mandate rule.

3.    Conclusion

We have considered plaintiffs' remaining arguments and conclude that they are without merit. For the reasons stated, the district court's June 27, 2016 order is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court

8