**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PARIS HOLLOWAY,

                Plaintiff-Appellee,

v.

BARTMAN HORN; CITY OF
PASADENA,

                Defendants-Appellants.

Nos.  15-56770
         17-55284

D.C. No.
2:15-cv-03867-CAS-JC

MEMORANDUM[*]

Appeals from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 7, 2017
Pasadena, California

Before: REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

On October 11, 2013, Officer Bartman Horn of the Pasadena Police

Department pursued Paris Holloway on foot after Holloway fled from Horn's

attempt to talk him. The pursuit ended when Officer Horn shot Holloway multiple

times. One bullet lodged in Holloway's spinal cord, resulting in immediate and

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

permanent paralysis. Holloway later pleaded no contest to violations of Cal. Penal Code §§ 69 (resisting arrest), 29800 (felon in possession of a firearm), and 30305 (felon in possession of ammunition). He subsequently filed a complaint against Officer Horn and the City of Pasadena under 42 U.S.C. § 1983 alleging excessive force and denial of medical care. Defendant-Appellants moved to dismiss on the basis of qualified immunity, which the district court denied. They now appeal that denial.

Holloway alleges that Officer Horn pursued him into an alley between the fenced-in backyards of apartment complexes, where Holloway removed the gun he was carrying from his pants while facing away from Horn and, without ever turning towards him, threw the gun over one of the fences.

He further alleges that after the gun was out of his hands and while he was still facing away from Officer Horn, Horn opened fire. Horn asserts that this conduct alone would not support a guilty plea under Cal. Penal Code § 69, and that therefore Holloway must have done something involving "threats, force or violence," such as "pointing a gun at an officer," which would entitle Horn to qualified immunity.

1. The facts alleged in Holloway's complaint are not contradicted by his no contest plea to a violation of Cal. Penal Code § 69. Because this appeal concerns a

motion to dismiss, we must accept all factual allegations in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the case may be dismissed only if it is not possible to construe Holloway's plea as consistent with the facts he alleges in his complaint. Here, the plea may be construed as consistent with those facts.

Under California law, Holloway could have violated the statute either by attempting to deter Officer Horn from pursuing him "by means of . . . threat," or by resisting him "by the use of force or violence," Cal. Penal Code § 69(a), when he removed a gun from his pants and threw it over the fence, even if he never pointed it at Officer Horn. Under California law, the mere brandishing of a weapon in the open may be "threat[ening]" or "violen[t]." Displaying a weapon, even if only momentarily, before throwing it over a fence, could plausibly be intimidating to an officer in pursuit. In *Rodriguez v. City of Long Beach*, No. SACV 10-00271 DOC, 2011 WL 3757122, *4 (C.D. Cal. Aug. 25, 2011), "the mere refusal to sit on the curb," accompanied by profanity directed at a police officer, was held to be sufficient to support a conviction under § 69. In *People v. Brown*, 245 Cal. App. 4th 140, 146-47 (2016), a state court agreed without comment that a defendant could be convicted under § 69 when he fled from police before sitting down and "swinging his hands" at officers without ever making contact. In short, these cases

3

justifying a conviction under § 69 concerned behavior that was far less threatening or violent than the conduct which Holloway acknowledges he engaged in here: displaying a weapon and then throwing it over a fence. Thus, his plea is not inconsistent with the facts alleged in his complaint.

Even if Officer Horn were correct that a conviction under § 69 required that Holloway point his gun at Horn, that would not change the outcome of this case. Taking the remaining facts in the light most favorable to Holloway, he threw his gun over the fence before Officer Horn shot him. Holloway suffered immediate paralysis upon being shot, yet when other officers arrived, they found his gun on the other side of a tall wooden fence about ten feet away. Plaintiff had been shot in the back, including directly in his spinal cord, supporting the inference that he was not pointing a firearm at Officer Horn at the time that Horn opened fire. This is sufficient to deny qualified immunity, even under the strict requirement of *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam), that a case exists that places the constitutional issue "beyond debate." In *Curnow v. Ridgecrest Police*, 952 F.2d 321, 322, 325 (9th Cir. 1991), we denied qualified immunity to officers because, at the time they opened fire, the victim was not pointing his gun at the officers and was not facing them. *Curnow* was recently cited with approval in a case denying

qualified immunity at the summary judgment stage. *See Newmaker v. City of Fortuna*, 842 F.3d 1108, 1116-17 (9th Cir. 2016).

Moreover, Holloway alleges that Officer Horn shot him several times when he was on the ground after he had thrown the gun over the fence. Shooting an unarmed, injured person who is unmoving and bleeding profusely while lying on the ground would in itself be sufficient to defeat qualified immunity. *See, e.g.*, *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2022 (2014) ("This would be a different case if petitioners had initiated a second round of shots after an initial round had clearly incapacitated Rickard . . . ."); *Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991) (denying qualified immunity where officers shot "an unarmed and injured felon lying or kneeling on the floor").

We therefore affirm the district court's denial of Appellants' motion to dismiss.

2. Because we affirm the district court's denial of the motion to dismiss, thereby returning the case to the district court to proceed, we do not consider Appellants' appeal of the district court's denial of a motion for written indication under Federal Rule of Civil Procedure 62.1. While several other circuits have decided (or assumed) that denial of a motion under Rule 62.1 is an appealable order in the case of a final appeal, *see LFoundry Rousset, SAS v. Atmel Corp.*, No.

16-2566-cv, 2017 WL 2210895 (2d Cir. May 19, 2017); *Dice Corp. v. Bold Tech.*, 556 F. App'x 378, 382-83 (6th Cir. 2014); *Ray v. Pinnacle Health Hospitals, Inc.*, 416 F. App'x 157, 161 n.3 (3d Cir. 2010), we are not convinced that this court has jurisdiction to entertain such an appeal in this case.

Rather than unnecessarily decide the issue of jurisdiction, we dismiss the appeal as moot. As a result of affirming the denial of the motion to dismiss, we return jurisdiction to the district court, where Appellants may bring a Rule 60(b) motion. *See LFoundry Rousset*, 2017 WL 2210895, at *2 ("[O]ur return of the mandate to the district court rendered the Rule 62.1 motion moot because it was no longer necessary for the district court's jurisdiction to consider the concomitant Fed. R. Civ. P. 60(b) motion."). Nothing in the Local Rules prevents litigants from raising issues in a Rule 60(b) motion that were previously raised in a Rule 62.1 motion. *See* Local Rules – Central District of California, L.R. 7-18 (only disallowing motions for reconsideration that repeat arguments made in "the *original* motion" (emphasis added)). Appellants are therefore free to move in district court for reconsideration under Rule 60(b) on the basis of the two hearing transcripts they received after the district court's denial of their original motion to dismiss. We express no view on the merits of any such motion.

The district court's denial of Appellants' motion to dismiss in case number 15-56770 is AFFIRMED. Appellants' appeal of the denial for written indication in case number 17-55284 is DISMISSED AS MOOT.