ELIZABETH A. WOLFORD, United States District Judge
BACKGROUND
On June 4, 2018, the Government filed a criminal complaint alleging that defendant Donald Brennan ("Defendant") violated 18 U.S.C. § 2250(a) by knowingly failing to register or update a registration as required by the Sex Offender Registration and Notification Act. United States v. Brennan , No. 18-mj-5083, Dkt. 1 (W.D.N.Y. June 4, 2018). The magistrate judge handling the case found Defendant incompetent to stand trial on December 3, 2018. Id. , Dkt. 13. On that same date, Defendant moved to dismiss the criminal complaint and sought his immediate release from custody. Id. , Dkt. 12. The magistrate judge orally denied Defendant's motion at a hearing on December 21, 2018, and found that Defendant must be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d). Id. , Dkt. 17, Dkt. 18. Defendant appealed the magistrate judge's decision on January 3, 2019 (Dkt. 1), and the appeal was assigned to the undersigned.
On January 25, 2019, the Court issued a Decision and Order (Dkt. 11) (the "January 25th Decision and Order") in which it affirmed the magistrate judge's decision and committed Defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d). (Id. ). The Court further added a requirement that the Attorney General produce an interim prognosis report within 45 days of Defendant's hospitalization. (Id. at 33).
Defendant filed an interlocutory appeal of the January 25th Decision and Order. (Dkt. 12). That appeal has been briefed and argued before a three-judge panel of the Second Circuit Court of Appeals, but no decision has been issued.[1]
On March 26, 2019, Defendant was admitted to the mental health unit at the Federal Bureau of Prisons Federal Medical Center in Butner, North Carolina ("FMC-Butner"). (Dkt. 19-1 at 1). On April 19, 2019, the Acting Warden of FMC-Butner sent the Court a letter stating that he had "calculated the evaluation period to end July 23, 2019." (Id. ). Defense counsel thereafter sent a letter dated April 24, 2019, to the Court stating that he was "not asking for any relief from [the Court] at this time," but raising the argument that, under § 4241(d)(1), Defendant could lawfully be hospitalized only until May 26, 2019 (i.e. , four months after the January 25th Decision and Order). (Dkt. 19).
*207 In response to defense counsel's letter, the Court ordered the parties to submit letter briefs regarding several issues, including the Court's jurisdiction in light of the pending interlocutory appeal. (Dkt. 20). Defense counsel filed a letter brief on May 1, 2019 (Dkt. 21) and the Government filed a letter brief on May 3, 2019 (Dkt. 22).
On May 7, 2019, the Acting Warden of FMC-Butner submitted a status report to the Court. (Dkt. 23). The status report indicates that there are "indicators that [Defendant] has memory deficits and potential neurocognitive decline," but that "there are also indicators that he is able to learn and apply information." (Id. at 2-3). The status report states that further testing will assist in clarifying Defendant's prognosis and requests "the full 120-day period of hospitalization" to conduct an evaluation. (Id. at 3).
On May 20, 2019, Defendant filed a motion for an indicative ruling under Federal Rule of Criminal Procedure 37. (Dkt. 24). In particular, Defendant asks the Court to issue "an indicative ruling that § 4241(d) only authorizes his commitment to the custody of the Attorney General (AG) to and including May 25, 2019[.]" (Id. at 9).
The Government filed papers in opposition to Defendant's motion on May 29, 2019 (Dkt. 26) and Defendant filed a reply on May 31, 2019 (Dkt. 27). Oral argument was held before the undersigned on June 4, 2019. (Dkt. 28).
For the reasons discussed below, the Court will defer ruling on Defendant's motion for an indicative ruling until after the Second Circuit decides the pending interlocutory appeal.
DISCUSSION
I. Applicability of Federal Rule of Civil Procedure 37
"As a general matter, the filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." United States v. Rodgers , 101 F.3d 247, 251 (2d Cir. 1996) (quotation, citation, and alteration omitted). "[A]n interlocutory appeal, unless frivolous, generally divests the district court of jurisdiction respecting the issues raised and decided in the order on appeal." Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon , 297 F.R.D. 218, 220 (S.D.N.Y. 2013) (quotation omitted). In this case, both defense counsel and the Government agree that the interlocutory appeal has divested the Court of jurisdiction with respect to Defendant's hospitalization under § 4241(d). (See Dkt. 21 at 3-4; Dkt. 26 at 2).
"In 2012, a new [Federal] Rule [of Criminal Procedure] 37 was adopted, titled Indicative Ruling on a Motion for Relief That Is Barred by a Pending Appeal. The main point of new Rule 37 is to authorize trial courts to enter indicative rulings in criminal cases. Comparable authorization for indicative rulings in civil cases was recognized in 2009 when Civil Rule 62.1 was adopted." 3 Charles Alan Wright et al., Federal Practice and Procedure § 644 (4th ed. 2018). Rule 37 provides:
(a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
(1) defer considering the motion;
(2) deny the motion; or
(3) state either that it would grant the motion if the court of appeals remands *208 for that purpose or that the motion raises a substantial issue.
Fed. R. Crim. P. 37(a).
The Government has argued as a threshold matter that Rule 37 does not apply here because it is "available only during post-conviction proceedings." (Dkt. 26 at 2). The Government has cited no case law supporting this contention, but instead relies upon (1) Rule 37's "inclusion within Chapter VII of the Federal Rules of Criminal Procedure, captioned 'Post-Conviction Procedures' " and (2) the Advisory Committee Notes. (Id. ). The Court is not persuaded by this argument. The Court notes initially that the Second Circuit appears to have applied Rule 37 in the context of an interlocutory appeal. See United States v. Lambus , 251 F. Supp. 3d 470, 501 (E.D.N.Y. 2017), rev'd on unrelated grounds , 897 F.3d 368 (2d Cir. 2018) (explaining that the district court had previously issued an order under Rule 37 because it "believed that a remand prior to the appellate court's decision on the interlocutory appeal would promote the efficient administration of th[e] case," and that the Second Circuit had in fact remanded the matter pursuant to Federal Rule of Appellate Procedure 12.1(b) ).
Moreover, while Rule 37 is indeed located in the "Post-Conviction Procedures" section of the Federal Rules of Criminal Procedure, the Court does not find that heading dispositive. In the federal system, barring unusual circumstances, the appellate courts have jurisdiction to hear appeals only from "final decisions." See 28 U.S.C. § 1291. Accordingly, the common application of Rule 37 would be in the post-conviction context. The Advisory Committee Notes are consistent with this fact, noting that the Committee "anticipates" that Rule 37 "will be used primarily if not exclusively for newly discovered evidence motions under Criminal Rule 33(b)(1) ..., reduced sentence motions under Criminal Rule 35(b), and motions under 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 37, Advisory Committee Notes, 2012 Adoption. However, the Advisory Committee Notes also state that the procedure set forth in Rule 37 applies to "any motion that the district court cannot grant because of a pending appeal[.]" Id. (emphasis added). Indeed, and importantly, the text of Rule 37 does not contain any limits on its applicability to the post-conviction context, notwithstanding its inclusion in that chapter of the Rules.
For these reasons, the Court rejects the Government's threshold contention that Rule 37 does not apply on the facts of the instant motion.
II. The Court will Defer Consideration of the Issues Raised in Defendant's Motion
As noted above, Rule 37 sets forth three options for a court faced with a request for an indicative ruling: (1) the Court may defer considering the motion; (2) the Court may deny the motion; or (3) the Court may "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). In considering the analogous rule of civil procedure, the Second Circuit has indicated that a district court's determination of a request for an indicative ruling is reviewed for abuse of discretion. See LFoundry Rousset, SAS v. Atmel Corp. , 690 F. App'x 748, 750 (2d Cir. 2017).
Issuance of an indicative ruling is inappropriate where it would "plac[e] a district court in a position where it must predict the outcome of an appeal of its own decision" and would "do little to aid the Second Circuit's consideration of the appeal." Ret. Bd. , 297 F.R.D. at 222. In this *209 case, Defendant has argued before the Second Circuit that he cannot lawfully be detained pursuant to § 4241(d). The Court finds that the constitutionality of § 4241(d) as applied to Defendant should be decided by the Second Circuit before this Court reaches any further conclusions regarding the details of Defendant's hospitalization. The Court notes in particular that in its opposition papers, the Government has asked the Court to continue Defendant's hospitalization pursuant to § 4241(d)(2), and that Defendant's reply does not address this request. The Court cannot resolve this issue without having to guess as to the Second Circuit's likely resolution of the pending interlocutory appeal. Nor would the Court's analysis of this issue aid the Second Circuit in its consideration of the interlocutory appeal.
"Indicative rulings allow for the timely resolution of motions which may further the appeal or obviate its necessity." Ret. Bd. , 297 F.R.D. at 222. Here, an indicative ruling would do neither. Even were the Court to agree with Defendant that the period for lawful detention under § 4241(d)(1) has expired, the Court would necessarily have to consider whether continuing hospitalization under § 4241(d)(2) is now appropriate. As such, the underlying constitutionality of § 4241(d) as applied to Defendant would still present an issue that must be decided. Accordingly, the Court finds it appropriate to defer a decision on the issues presented in Defendant's motion until the interlocutory appeal is resolved.
CONCLUSION
For the foregoing reasons, the Court defers consideration of the issues set forth in Defendant's motion for an indicative ruling (Dkt. 24), pending the Second Circuit's decision on the pending interlocutory appeal.
SO ORDERED.

On June 6, 2019, the panel hearing Defendant's appeal issued an Order directing Defendant to submit a letter brief within 10 days addressing the inclusion of references to certain sealed documents in its eventual decision. United States v. Brennan , No. 19-262, Dkt. 50 (2d Cir. June 6, 2019). It thus appears that a decision on Defendant's appeal is likely to issue in short order.