Adams v. Horton

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand nineteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>DENNY CHIN,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges.*

_____

Bahji Adams,

>*Plaintiff-Appellant*,

>v.                                                                              18-2464

Keith Horton, individually and officially as
Commissioner for the DFCC State of Georgia,

>*Defendant-Appellee*,

Vermont Office of Child Support, Georgia Division
of Child Support Services, Commissioner for State of
Vermont for the Office of Child Support, Jane Doe,
John Doe,
>*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:                    Bahji Adams, pro se,
                                                                     Burlington, VT.

FOR DEFENDANT-APPELLEE:                              Brian E. Goldberg, Assistant
                                                     Attorney General, *for* Christopher
                                                     M. Carr, Attorney General of
                                                     Georgia, Georgia
                                                     Department of Law, Atlanta,
                                                     GA.


Appeal from an order of the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Bahji Adams, proceeding pro se, appeals the district court's order denying her Fed. R. Civ. P. 62.1 motion seeking an indicative ruling on a Fed. R. Civ. P. 60(b) motion. Adams sought reconsideration of a judgment dismissing her claims that the defendants had violated her constitutional rights and failed to accommodate her disabilities in state child support proceedings and enforcement. We previously affirmed the dismissal of her claims because they were barred under the *Rooker-Feldman* doctrine. *Adams v. Horton*, 725 F. App'x 78, 79 (2d Cir. 2018) (summary order). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of Rule 60(b) motions for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (per curiam). We also review denials of Rule 62.1 motions for abuse of discretion. *See, e.g.*, *LFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 750 (2d Cir. 2017) (summary order). "A district court is said to abuse its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Gomez*, 805 F.3d at

423 (internal quotation marks omitted).[1]

First, we note that the district court correctly held that Rule 62.1 was no longer applicable after we decided Adams's prior appeal. *See LFoundry Rousset, SAS*, 690 F. App'x at 750 ("[O]ur return of the mandate to the district court rendered the Rule 62.1 motion moot because it was no longer necessary for the district court's jurisdiction to consider the concomitant Fed. R. Civ. P. 60(b) motion."). Moreover, the district court did not abuse its discretion in denying the Rule 60(b) motion. Even if newly discovered, the evidence that Adams attached to her motion does not affect our holding that her claims are barred under the *Rooker-Feldman* doctrine. The evidence all related to the state courts' child support orders and enforcement, and we previously held that such claims were barred. *See Adams*, 725 F. App'x at 79. Furthermore, most of Adams's motion— as well as her appellate briefing—was dedicated to reiterating and expanding on the merits of her dismissed complaint. But a Rule 60(b) motion cannot be used to relitigate her claims. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

We have considered Adams's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

3