*Brutus Trading, LLC v. Standard Chartered Bank*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand twenty-three.

PRESENT:

> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

BRUTUS TRADING, LLC,

> *Plaintiff-Appellant*,

v.

No. 20-2578

STANDARD CHARTERED BANK, STANDARD CHARTERED PLC, STANDARD CHARTERED TRADE SERVICES CORPORATION,

> *Defendants-Appellees*,

UNITED STATES OF AMERICA,

> *Interested Third-Party Appellee.*

---

**For Plaintiff-Appellant:**                    ROBERT J. CYNKAR, McSweeney Cynkar & Kachouroff, PLLC, Great Falls, VA (Patrick M. McSweeney, McSweeney Cynkar & Kachouroff, PLLC, Powhatan, VA, *on the brief*).

**For Interested Third-Party Appellee:**      JEAN-DAVID BARNEA (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Brutus Trading, LLC ("Brutus") – the *qui tam* relator that initiated this False Claims Act ("FCA") suit – appeals from the district court's decisions (1) granting the government's motion to dismiss the *qui tam* action, (2) dismissing Brutus's action without holding an evidentiary hearing, and (3) denying Brutus's motion for an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Brutus's operative complaint alleged that Standard Chartered Bank, Standard Chartered PLC, and Standard Chartered Trade Services Corporation (collectively, "Standard Chartered") facilitated illegal banking transactions "on behalf of individuals, businesses, and financial institutions that were subject to U.S. economic sanctions because of their links to Iran." J. App'x at 60. The complaint further alleged that Standard Chartered defrauded the government by concealing the extent of its illegal activities when it entered into a deferred-prosecution agreement with various law-enforcement agencies in 2012. In addition, because Brutus believes that it provided the government with the information that led to a separate investigation and settlement with Standard Chartered in 2019, Brutus also claimed that it was entitled to a share of Standard Chartered's forfeiture payment from that settlement.

Although it initially declined to intervene, the government moved in November 2019 to dismiss Brutus's action under 31 U.S.C. § 3730(c)(2)(A). In its motion, the government argued that dismissal was appropriate because Brutus's factual allegations were unsupported, its legal theory was not cognizable, and the continuation of the suit would waste considerable government resources. Brutus filed a substantial memorandum of law in opposition, together with a number of

3

exhibits, to which the government filed a reply, and Brutus then filed a sur-reply. The district court granted the motion on the papers without holding an evidentiary hearing. Brutus timely appealed.

While the appeal was pending, Brutus moved under Rule 62.1 for the district court to issue a ruling indicating its willingness to reopen the proceedings pursuant to Rule 60 but for the divestiture of jurisdiction that resulted from the appeal. Brutus argued that several *Buzzfeed News* articles postdating the dismissal constituted newly discovered evidence warranting relief from the judgment. The district court denied the motion, finding that the *Buzzfeed News* articles were inadmissible hearsay and, in any event, cast no doubt on its prior rulings.

In June 2022, also while this appeal was pending, the Supreme Court granted certiorari to resolve a circuit split regarding the standard that district courts should apply in ruling on motions to dismiss under section 3730(c)(2)(A). *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 142 S. Ct. 2834 (2022). We, in turn, entered an order holding Brutus's appeal in abeyance pending the Supreme Court's decision in *Polansky*. The Supreme Court issued its decision on June 16, 2023, holding that district courts should assess section 3730(c)(2)(A) motions using

4

the standards provided by Federal Rule of Civil Procedure 41(a). *See United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 143 S. Ct. 1720, 1733–34 (2023). The parties thereafter filed supplemental briefs regarding the impact of the Supreme Court's decision on the pending appeal. We address each of Brutus's arguments in turn.[1]

## I. Dismissal under Section 3730(c)(2)(A)

Brutus contends that the district court erroneously granted the government's motion to dismiss under section 3730(c)(2)(A). We disagree.

The FCA permits a relator to bring a *qui tam* action "in the name of the [g]overnment" against those who knowingly defraud the United States. 31 U.S.C. § 3730(b)(1). After such an action is filed, the government may intervene and litigate the case. *Id.* § 3730(b)(2). If the government intervenes, "it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action." *Id.* § 3730(c)(1). Although

---

[1] In its supplemental brief, Brutus contends that certain of its previously asserted arguments are "not strictly before this Court," and that the relevant question on appeal is "whether the district court, by refusing to hold an evidentiary hearing[,] . . . failed to satisfy the requirement of a 'hearing'" mandated by section 3730(c)(2) and by due process. Brutus Supp. Br. at 5. As discussed in greater detail below, because we discern no error in the district court's decision to dismiss Brutus's case without first conducting an evidentiary hearing, we address Brutus's other arguments on appeal herein.

the person who brought the *qui tam* action has the right to continue as a party after the government has intervened, "[t]he [g]overnment may dismiss the action notwithstanding the objections of the person initiating the action[,] if the person has been notified by the [g]overnment of the filing of the motion [to dismiss] and the court has provided the person with an opportunity for a hearing on the motion." *Id.* § 3730(c)(2)(A).

Here, Brutus does not oppose the conclusion that the government's motion to dismiss also constituted a motion to intervene, which the district court implicitly granted. *See* Brutus Supp. Br. at 1 n.1. As such, we construe the government's motion to dismiss as including a motion to intervene in this case. *See Polansky*, 143 S. Ct. at 1729 & n.2 (describing the Third Circuit's conclusion that the government's request to dismiss the suit "itself established good cause to intervene").

Because Standard Chartered has not answered Brutus's complaint or moved for summary judgment, Rule 41(a)(1) applies. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."). In this context, a movant – typically the plaintiff who

6

commenced the action – is usually "entitle[d] . . . to a dismissal; the district court has no adjudicatory role." *Polansky*, 143 S. Ct. at 1734 n.4. The Supreme Court suggested in *Polansky* that – in order to comply with the FCA's hearing requirement in this context – a district court might inquire as to whether a Rule 41(a)(1) dismissal would violate the relator's constitutional rights to due process or equal protection. *See id.*

*Polansky* thus confirms that, in order to comply with the FCA's "hearing" requirement, a district court must exercise some degree of scrutiny in evaluating the government's motion to dismiss; in other words, the government does not have an unfettered right to dismiss a *qui tam* action. Therefore, we do not disagree with Brutus's assertion that the government does not have unqualified "free rein" in dismissing *qui tam* cases. Brutus Br. at 16. We do, however, disagree with its contention that the district court in this case "held no hearing of any kind." *Id.* at 24. As Brutus itself recognizes, *Polansky* "did not mandate universal requirements for [the FCA] hearing in every case." Brutus Supp. Br. at 3. Here, the district court met the hearing requirement by carefully considering the parties' written submissions.

In light of the Supreme Court's guidance in *Polansky*, there is no reason to believe that dismissal was unwarranted here. The record reflects that Brutus was notified of – and did not oppose – the government's filing of the motion to dismiss and that the district court afforded Brutus the opportunity to be heard via its written submissions. Indeed, the district court explicitly considered the parties' voluminous briefs, declarations, and exhibits before granting the government's motion. Under these circumstances, we cannot agree that the district court failed to satisfy the FCA's hearing requirement.

Nor are we persuaded that the dismissal violated Brutus's right to due process. In its supplemental brief, Brutus argues that the district court violated its due process rights by failing to allow it to test the credibility of the government's witnesses, by improperly crediting the government's factual declarations over the competing declarations and documents presented by Brutus, and by failing to allow Brutus to depose the former General Counsel of the Department of Financial Services, Daniel Alter. Again, we disagree.

As an initial matter, we note that, because Brutus did not raise its procedural due process argument before the district court, this argument is forfeited. *See Phoenix Light SF Ltd. v. Bank of N.Y. Mellon*, 66 F.4th 365, 372 (2d Cir. 2023). But

8

even if it were not forfeited, the argument fails on the merits. As the district court noted, Brutus's arguments boil down to nothing more than a "subjective disagreement" with the government's investigation and its ultimate decision as to Brutus's claims. Sp. App'x at 8 (internal quotation marks omitted). Brutus has failed to show that the government's investigation was inadequate, that its decision to dismiss the case was unreasonable, or that its decision was based on arbitrary or improper considerations. *See Borzilleri v. Bayer Healthcare Pharms., Inc.*, 24 F.4th 32, 44 (1st Cir. 2022) (emphasizing that "the burden is always on the relator to demonstrate that the government is transgressing constitutional limits"); *see also Polansky v. Exec. Health Res. Inc.*, 17 F.4th 376, 390 n.17 (3d Cir. 2021) ("Only the most egregious official conduct can be said to be arbitrary in the constitutional sense." (internal quotation marks and alterations omitted)). Likewise, Brutus's requests to conduct limited document discovery and to depose Alter were properly denied, because Brutus failed to make a "substantial threshold showing" of government impropriety sufficient to warrant discovery on this issue. *See Borzilleri*, 24 F.4th at 44.

Having considered Brutus's arguments and the record as a whole, we conclude that dismissal of Brutus's action pursuant to section 3730(c)(2)(A) was appropriate.[2]

## II. Settlement Approval under Section 3730(c)(2)(B)

Brutus additionally argues that the district court erred by failing to consider whether the government's settlements with Standard Chartered were "fair, adequate, and reasonable" under 31 U.S.C. § 3730(c)(2)(B). *See* Brutus Supp. Br. at 5–6. But section 3730(c)(2)(B) applies only when the government *settles* a *qui tam* action with a defendant. Here, the government moved to *dismiss* Brutus's action, so the language of section 3730(c)(2)(B) is irrelevant. And to the extent that Brutus argues that Standard Chartered's deferred-prosecution agreements with the government provide a valid basis for the application of section 3730(c)(2)(B), *see* Brutus Br. at 38–41, those agreements resolved criminal

---

[2] Brutus also insists that the district court wrongly dismissed its action because it "has stated a valid reverse false claim" against Standard Chartered under 31 U.S.C. § 3729(a)(1)(G). Brutus Br. at 41 (capitalizations omitted). By "reverse false claim," Brutus in essence argues that any "proceeds traceable" to a sanctions violation are automatically forfeitable to the United States, and "[b]y concealing the true amount of money" involved in its illegal banking activities, Standard Chartered "knowingly concealed . . . and improperly avoided . . . an obligation to pay . . . the [g]overnment." J. App'x at 78–79. In light of our determination that dismissal of Brutus's action was appropriate, we see no reason to address the merits of its reverse-false-claim arguments, which the district court did not reach or rely on in its dismissal order. *See Sulzer Mixpac AG v. A&N Trading Co.*, 988 F.3d 174, 184 (2d Cir. 2021) ("We generally refrain from considering issues not decided by the district court.").

charges and administrative violations against Standard Chartered unrelated to the FCA, *see* J. App'x at 194–285, and have no bearing on Brutus's complaint or the issues on appeal.

Accordingly, we reject Brutus's contention that the district court was required to consider whether the government's settlements with Standard Chartered were "fair, adequate, and reasonable" and decline to remand the case on this basis.

## III.   Indicative Ruling

Finally, Brutus asserts that the district court erred when it denied Brutus's Rule 62.1 motion for an indicative ruling based on what Brutus characterized as newly discovered evidence of Standard Chartered's malfeasance contained in several *Buzzfeed News* articles that postdated the dismissal.   Specifically, Brutus argues that "[t]he district court erred by not addressing the question of whether the matter presented by [its] motion raises a substantial issue that warrants further consideration."   Brutus Br. at 57.   Again, we disagree.

Rule 62.1(a) provides:

> If a timely motion is made for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). The district court here chose the second option when it denied the motion. Brutus's argument that the district court must also address whether the motion raises a substantial issue simply ignores the "ordinary disjunctive meaning of 'or,'" connecting Rules 62.1(a)(1), (2), and (3). *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1141 (2018). Brutus cites no authority supporting its novel interpretation, and we are aware of no basis for concluding that the district court abused its discretion in denying Brutus's Rule 62.1 motion. *See LFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 750 (2d Cir. 2017) (collecting cases indicating that denials of indicative relief pursuant to Rule 62.1 are reviewed for abuse of discretion).

\* \* \*

We have considered all of Brutus's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12